### ALBERT G. WILLIAMS v. EDWARD NORTON, et al.

### Error from Leavenworth County.

Case v. Hannahs, [2 Kans. R.,] confirmed.

A mere delivery for a valuable consideration of a negotiable note without written endorsement or assignment, will pass the title; and any beneficial interest in the proceeds, as where it has been transferred as collateral security, will enable the holder to sue in his own name, and will constitute him the real party in interest within the meaning of section 32 of the Civil Code, and that, semble, although he may not be entitled to apply the whole proceeds to his own use.

The record showing that the note in suit went into the possession of the plaintiff by authority of the payee, and he being authorized to receive the money, the plaintiff would have a right to a verdict; Held that the court erred in dismissing the action without plaintiff's consent, and that such error prejudiced his rights.

There is no necessity for producing a note sued on at the trial, where the execution thereof is by the answer virtually admitted.

The court in a jury trial have nothing to do with reconciling contradictions in the evidence.

This was an action, tried before a jury, brought on a promissory note alleged to have been transferred to plaintiff as security for a debt, with power to sue in his own name, alleging that the plaintiff was at the time of the suit the legal owner and holder thereof. The answer contained among other defenses—a general denial—a denial that plaintiff was the legal owner and holder of the note sued upon; an averment that at the time of the transfer to plaintiff, the payee was a rebel in arms against the United States; the statute of limitations, &c. The record shows that evidence was by the plaintiff introduced tending to prove his claim against the payee of the note and the transfer thereof to him as set forth in his petition, and evidence was introduced tending to show the non-residence of the defendants sufficiently long to take the claims out of the operation of the statute. The plaintiff having rested, the defendant moved for a "non-suit," which motion was sustained and judgment ordered for defendant for costs. The defendant thereupon moved to set aside the order granting the motion for non-suit, which was refused. Proper exceptions were taken to the rulings, and the evidence below preserved in a bill of exceptions.

*W. P. Gambell*, for plaintiff in error.

*Wm. G. Mathias* and *Louis Burnes*, for defendant in error.

No brief has come to the hands of the reporter.

*By the Court*, CROZIER, C. J.

Two objections are made to the judgment of the court below: *First.* The District Court has no power to order a non-suit without the consent of the plaintiff, except in the

cases provided for in the second, third, fourth and fifth clauses of section 382 of the Code; and *Second.* If it has power in either case, this is not one of them.

The section referred to is as follows: "Section 382. An action may be dismissed without prejudice to a future action: *First.* By the plaintiff, before the final submission of the case to the jury, or to the court, where the trial is by the court. *Second.* By the court, when the plaintiff fails to appear on the trial. *Third.* By the court, for want of necessary parties. *Fourth.* By the court, on application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence. *Fifth.* By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action. *Sixth.* In all other cases upon the trial of the action, the decision must be upon the merits."

This section was considered by this court in the case of Case *v.* Hannahs, decided at July term 1864[*], and it was there decided that an involuntary non-suit on the ground of the insufficiency of the evidence to warrant a verdict for the plaintiff was erroneous. But the judgment in that case was not reversed, because it was discovered upon an examination of the evidence, that had a verdict been rendered for the plaintiff, the court must have set it aside, and hence the plaintiff was not only not prejudiced by the order of dismissal, but rather benefited, inasmuch as he could bring a new suit.

The court is still satisfied with the ruling in that case, and were this one like it, would not disturb the judgment. This makes an examination of the testimony necessary.

The execution of the note was admitted by the pleadings, but the assignment to the plaintiff was denied. The defendant denied that he was the lawful owner or holder of it, and hence was not the real party in interest, as required by the 32d section of the Code.

[*] 2 Kansas, 491.

The evidence showed that there was no written endorsement, transfer or assignment of the note to the plaintiff. None was necessary to enable him to sue in his own name. A negotiable promissory note may be assigned orally ; a mere delivery for a valuable consideration, will pass the title. Any beneficial interest in the 'proceeds of a note, accruing from the payee to the transferee, will upon a delivery of the note with an understanding that he is to receive the money on it, be a sufficient consideration to vest in the transfer such title as will enable him to sue in his own name; and that too, although he may not be entitled to apply to his own use the whole proceeds. A delivery by the payee to his surety or indemnity, with authority to receive the money and pay the principal's debt, will enable the surety to sue in his own name. He will, within the meaning of the Code be the " real party in interest." Applying these principles to the testimony of the plaintiff, it will be found sufficient to have warranted a verdict in his favor. The possession of the note was admitted. It went into the possession of the plaintiff by authority of the payee. The former, if not the creditor of the latter was his surety, and was authorized to receive the money by express stipulation. The existence of these facts would give the plaintiff a right to a verdict, and his own testimony tended to establish all of them. Such being the situation, the court not only erred in dismissing the action, but the error prejudiced the substantial rights of the plaintiff. Something was said in the argument about the non-production of the note at the trial. There was no necessity of offering it in evidence. Every thing such a performance would have proved, or tended to prove, was admitted by the pleadings. It might have been very gratifying to the defendants to have inspected their signatures with a view of ascertaining whether there had been any change for the better or worse in their hand-writing; or for the purpose of bringing more vividly to their recollections

some delightful incident connected with its execution, but as the law does not contemplate any such pleasant amusement during the progress of a trial, and the production of the paper being wholly unnecessary as a matter of evidence, the plaintiff was not required from legal considerations to perform an act so entirely supererogatory. What, under the circumstances, social considerations may have required, this court is not the proper tribunal to determine. Something was said also, about discrepancies between the testimony of the plaintiff and the affidavit of one of the defendants, which the plaintiff read in evidence. That was a paper in the case, made and filed for a special purpose. These were circumstances proper for the consideration of the jury in determining the weight its statements should have as against statements of the plaintiff. The court had nothing to do with reconciling contradictions in the evidence.

The judgment will be reversed and the court below ordered to set aside the non-suit and proceed with the cause.

All the justices concurring.