THE KANSAS MIDLAND RAILWAY COMPANY v. JOHN H. BREHM.

RIGHT OF ACTION—*Assignment.* Under our statutes, a right of action against a party for negligently and wrongfully destroying property by fire is not assignable.

*Error from Reno District Court.*

ACTION by *Brehm* against the *Kansas Midland Railway Company* to recover certain damages. Judgment for plaintiff. The defendant brings the case here. The opinion herein, filed March 9, 1895, states the material facts.

*A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error:

1. An action cannot be maintained by Brehm upon any of these claims, for the reason that the same are not assignable. Such a claim was not assignable at common law, and is not assignable under § 26 of the civil code.    See *McCrum v. Corby,* 11 Kas. 464; 2 Story, Eq. Jur., §§ 1040*h,* 1049.

It will be seen that courts of equity refuse to recognize assignments of torts, because of the encouragement which might be given to champerty and maintenance, and the assignment of such causes of action is against the policy of the law. That this was the rule prior to the adoption of the code, there can be no question. See *Garner v. Adams,* 12 Wend. 297, 298. And immediately after the adoption of the code in New York, it was held that the same rule still applied. See *Hyslop v. Randall,* 11 How. Pr. 97; *Thurman v. Wells,* 18 Barb. 500; *Jones v. Babcock,* 15 Mo. App. 149; *M. & M. Rld. Co. v. M. & W. Rld. Co.,* 20 Wis. 183.

2. As to all the other claims, the agreements are unquestionably champertous, against public policy, and illegal, and will not be enforced.    Moreover, they simply amount to a power of attorney to sue, and are not assignments of the claims.

Where it appears that a party is attempting to enforce a right under a contract which appears or is shown to be against public policy, the courts will refuse him their aid, and refuse to permit him to recover a judgment. See *Sheldon v. Pruessner,* 35 Pac. Rep. 201; *Jones v. Blacklidge,* 9 Kas. 562; *A. T. & S. F. Rld. Co. v. Johnson,* 29 id. 218; 3 Am. & Eng. Encyc. of Law, 68, *et seq.,* "Champerty and Maintenance." See, also, *Brown v. Beauchamp,* 5 T. B. Mon. 413.

*G. A. Vandeveer,* and *D. H. Martin,* for defendant in error:

1. May a thing in action not arising out of contract be assigned?    We satisfy ourselves by calling the attention of the court to *Stewart v. Balderston,* 10 Kas. 131.    See, also, *Comegys v. Vasse,* 1 Pet. 213.

2. Were the contracts of assignments champertous, against public policy, and void? The contracts themselves are conclusive against this claim of the plaintiff in error. They show conclusively, in connection with the evidence, that there was no officious intermeddling in the matter by Brehm. A large number of farmers had lost their property through the negligence of the defendant. Brehm had purchased one or two of the claims, and evidently to avoid a multiplicity of suits, vexatious and expensive litigation, the other claims were assigned to him.

This suit is not brought upon a champertous contract. It is brought to recover for the injury done by the plaintiff in error. *A. T. & S. F. Rld. Co. v. Johnson*, 29 Kas. 218, and the dissenting opinion by Mr. Justice BREWER, are authority enough upon this subject.

The contracts give no specific lien to the assignor upon the proceeds of the suit. Brehm agrees to pay a sum equal to whatever he might recover, less certain expenses, to be due after he recovers the same. This provision of the assignment was only for the purpose of measuring the amount which Brehm agreed to pay. There is no champerty in this. 3 Am. & Eng. Encyc. of Law, 78–86.

The assignor gets no part of the thing sued for. See *Neal v. Franklin*, 43 Ill. App. 267.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action brought by John M. Brehm against the Kansas Midland Railway Company and the Kansas Construction and Improvement Company to recover damages alleged to have been suffered by nine other parties through the negligent escape of fire from the locomotives of the defendants below, which, it is averred, burnt up and destroyed hay and other property belonging to those parties. These claims for damages were assigned to Brehm. Two of them appear to have been assigned to and purchased by him outright for a specific consideration, and the remainder of

the claims were conditionally assigned to him. The conditions were as follows:

"Now, I have and do hereby transfer, assign and set over to John M. Brehm all my said claim against said company or against whomsoever it may be because of said damages, hereby fully authorizing and empowering said Brehm to settle or sue on said claim, and recover damages therefor as fully as I have power to do at this time; and said Brehm is to and hereby agrees to pay to me for my said claim an amount equal to whatever he may recover and receive thereon, to be due and payable only after the same comes into the hands of said Brehm, less all costs, expenses, attorney's fees, and 1 per cent. in addition thereto, in consideration hereof, and of his agreeing to take said claims on the terms herein."

In the assignment, it is stated that on December 6, 1887, the Kansas Construction Company, by its negligence, set and permitted fire to escape from the right-of-way of the Midland Railway Company, thereby burning and destroying property of a certain description and of a stated value. The answer of the railway company was, first, a denial; and, next, that the plaintiff was not the real party in interest and had no capacity to sue; and, third, that the contracts and agreements between him and the parties alleged to have been injured were champertous and contrary to public policy, and that by such agreement the plaintiff had undertaken to prosecute the alleged claims in his own name, and at his own expense, for a part of the proceeds in case of a recovery. The Kansas Construction Company was not served, and did not appear or answer in the case, and no judgment was rendered against it. Brehm recovered upon seven of the claims against the railway company, the total amount of the recovery being $635.

It is first contended that Brehm cannot maintain an action upon any of these claims, for the reason that the same do not arise out of contract, and are not assignable. It is said that the parties attempted to assign to Brehm a naked clause of action for a tort, pure and simple. They do not assign to him any property or property right, but simply a cause of action

for an alleged wrong which had been done to them.    It is
urged that it is not the policy of the law to permit the assign-
ment of torts, whereby one undertakes to recover damages for a
wrong alleged to have been suffered by another, and that the
one who suffers should be willing to vindicate his own wrong,
if he conceives himself to be injured.    To permit another to
speculate on such a cause of action tends unduly to increase
litigation and smacks of champerty and maintenance.    As
the only right which Brehm had to any of the claims was
obtained upon assignment and transfer from those who had
been injured, he cannot recover on any of them, if such claims
are not assignable.    It was a principle of the common law
that a chose in action or right to a thing not in possession
could not be assigned, and that no man could purchase an-
other's right to a suit, either in whole or in part.    This rule
has been somewhat modified, and later, courts of equity have
recognized and enforced the assignment of choses in action
arising out of contract.    In 2 Story, Eq. Jur., § 1040*h*, the
rule is stated as follows:

"So, an assignment of a bare right to file a bill in equity
for a fraud committed upon the assignor will be held void, as
contrary to public policy, and as savoring of the character of
maintenance, of which we shall presently speak.    So, a mere
right of action for a tort is not, for the like reason, assignable.
Indeed, it has been laid down as a general rule that, where an
equitable interest is assigned in order to give the assignee a
*locus standi in judicio* in a court of equity, the party assigning
such right must have some substantial possession, and some
capability of personal enjoyment, and not a mere naked right
to overset a local instrument or to maintain a suit."

The general doctrine, both at law and in equity, is, that a
right of action for a pure tort is not the subject of assignment.
This rule has been changed to some extent by statute, and the
provisions with reference to what choses in action will survive
or abate by the death of either or both of the parties have been
held to modify this rule, so that everything which survives and
can be transmitted to the executor or administrator of the as-
signor, in case of death, is assignable.    (*Smith v. Railroad Co.*, 28

Barb. 605, and cases cited.) Sections 420 and 421 of our code prescribe what actions may survive to the personal representatives of a party in case of his death, and, if these provisions stood alone, it might, perhaps, be said that the legislature intended to modify the common-law rule so that all rights of action which survive might pass by assignment. Such provisions have been held to have that effect in other states. We have another provision, however, adopted at the same time, which clearly indicates a legislative intent to restrict the assignment of choses in action to those arising out of contract. In § 26 of the code it is provided, that "every action must be prosecuted in the name of the real party in interest, except as otherwise provided in § 28; but this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract." Evidently, this provision recognizes the limitation which existed at common law when the code was adopted, and inferentially, at least, provides that a chose in action arising out of a pure tort is not assignable. To meet the objection that a right of action arising out of torts of this character is not assignable, defendant in error relies upon *Stewart v. Balderston*, 10 Kas. 131. While some of the language of the opinion in that case might seem to warrant the view taken by defendant in error, it is manifest that the case cannot be regarded as an authority that a right of action arising out of a tort is assignable. The subject-matter of that action was a claim for money wrongfully taken; but as the party injured in such a case can waive the tort and sue as upon an implied contract, (*Challiss v. Wylie*, 35 Kas. 506), and as there was an implied agreement to pay the money, it was treated as a chose in action arising out of contract, and was therefore assignable. Shortly afterward, the same subject was under consideration, when it was said: "At common law, no chose in action was negotiable or even assignable. In equity, every chose in action, except a tort, was assignable; but it was assignable subject to all equities that might be set up against it. Under our statutes, every chose in action is assignable except a tort,

the same as it was in equity. Civil Code, § 26." (*McCrum v. Corby,* 11 Kas. 464, 470.) In this view, the defendant in error was not entitled to maintain the action, and hence the judgment of the district court must be reversed.

All the Justices concurring.