St. Louis & San Francisco Railway Company v. Benjamin Boyce.

### No. 172.

Instructions — *correct, not given, error.* Where special instructions, correct in point of law and conforming to the facts at issue, are refused, their substance must be given, or the general charge, considered as an entirety, must sufficiently instruct the jury upon the matter presented.

Error from Sedgwick Court of Common Pleas. Hon. Jacob M. Balderston, Judge. Opinion filed May 14, 1897. *Reversed.*

*J. W. Gleed,* and *C. Hamilton,* for plaintiff in error. *Bentley & Hatfield,* for defendant in error.

Schoonover, J. Plaintiff below claims to have occupied as tenant in the years 1890 and 1891 the north half of section 28, township 26, range 1, in Sedgwick County, Kansas. The west half of this land was owned by Cyrus Sullivan and the east half by Arthur Sullivan. The case was tried and evidence was introduced upon the theory that plaintiff below was the owner of a two-thirds share of all the crops on both farms at the time of the damage. Plaintiff below, on cross-examination, admitted that in 1890

and 1891 his sons were the owners of two-thirds of all the crops raised on the Arthur Sullivan farm; that prior to the commencement of this suit he purchased their interest.    Defendant in error in his brief admits that "plaintiff below owned his own and his sons' interest in the crop," and refers the court to the following exhibit:

"Wichita, Kan., July 20, 1891.

"For value received, we hereby sell, assign and make over to Benjamin Boyce all crops destroyed, injured and damaged, on the northwest quarter of section 28, township 26, range 1 east, in Sedgwick County, Kansas, on this date.          Charles Boyce.
                                                     M. W. Boyce."

The defendant below requested the trial court to give the following instruction:

"You are instructed that you cannot allow the plaintiff damages done by water to the two-thirds interest in the crops on the Arthur Sullivan quarter of land owned by the plaintiff's sons at the time of the overflow in question."

If plaintiff below purchased all crops destroyed, injured and damaged from his sons, he cannot recover for the loss they sustained.   If the sons intended to assign to plaintiff their right to sue, plaintiff cannot recover upon the assignment.

"Under our statutes, a right of action against a party for negligently and wrongfully destroying property by fire is not assignable."    The K. M. Rly. Co. v. Brehm, 54 Kan. 751.

The court refused to give the instruction, the substance was not given, and the general charge, considered as an entirety, does not sufficiently instruct the jury upon the matter presented.

From a careful reading of the entire record, we think the jury was led to consider the sons' interest as

a part of defendant's interest, to the prejudice of the rights of the plaintiff.

Where special instructions correct in point of law, and conforming to the facts at issue, are refused, their substance must be given, or the general charge, considered as an entirety, must sufficiently instruct the jury upon the matter presented.

The judgment will be reversed and the cause remanded for a new trial.