J. H. SNYDER v. W. C. MOON AND MARY MOON.
No. 210.

1. APPELLATE PRACTICE—*record in this case shows that it contains all the evidence.* Where the record shows the appearance of the parties, the waiver of a jury and an agreement to try the case before the court, and then " Whereupon the following proceedings were had," and this is followed by a recital of the agreements, stipulations, and evidence, concluding with, " Whereupon both plaintiff and defendant rested their case," and there is nothing in the record to indicate or suggest that anything has been omitted; *held*, that said record shows that it contains all the evidence offered and heard upon the trial.

2. ———— *case-made in this action held sufficient.* Where the case-made shows that it was served within the time allowed therefor by the court, an agreement that it should be signed and settled on the first day of the March, 1895, term of said court, or as soon thereafter as the court could hear the same, and that it was settled and signed on March 6, 1895, by agreement of the parties, and no attempt is made to impeach said record or certificate, said case-made upon its face will be sustained against a motion to dismiss the same.

3. PROMISSORY NOTE—*transferred by delivery, payment of, by maker at place designated in, is defense.* Where a negotiable promissory note is transferred by delivery only, and without indorsement, to a third party, and is paid at maturity by the maker to the payee at the place of payment therein named, without notice of its transfer until after said payment is made, said payment is a complete defense to an action on said note by the holder against the maker thereof.

4. BURDEN OF PROOF—*on plaintiff to show defendant had notice of transfer.* In such a case the burden is upon the plaintiff to show that the maker had notice of the transfer before he made the payment thereof.

448    SNYDER v. MOON.

N. Dept.              Opinion.   Wells, J.            5 Kan. App.

Error from Jewell District Court. Hon. Cyrus Heren, Judge. Opinion filed June 16, 1897. *Affirmed*.

*T. S. Kirkpatrick*, and *Ira F. Hodson*, for plaintiff in error.

No appearance for defendants in error.

WELLS, J. This is an action brought in the District Court of Jewell County, by the plaintiff in error as plaintiff below, to recover a judgment upon a certain promissory note to Hulbert Brothers.

The defendant plead payment thereof at the place of payment therein specified to the payee therein named. Judgment was rendered for the defendant and the case is brought here for review.

The first matter demanding our attention herein is the motion of the defendant in error to dismiss these proceedings for the following reasons :

*First*. That said pretended case-made does not contain all of the evidence adduced in the trial of said case in the court below. *Second*. That said pretended case-made does not contain all of the material evidence adduced in the trial of the cause in the court below. *Third*. That it does not appear that said pretended case-made was settled and signed as is provided by law. *Fourth*. That it does not appear that, at the time of the settling and signing of the aforesaid pretended case-made, that defendant in error was represented in person or by counsel. *Fifth*. That it does not appear that said pretended case-made was settled and signed within the time provided by law and allowed by the court. *Sixth*. That said pretended case-made is not in due form of law.

In answer to reasons one and two, we think that the record does affirmatively show that all the evidence is embodied therein. On page six it shows the appear-

SNYDER v. MOON.                     449

June 16, 1897.          Opinion.   Wells, J.          C. Div.

ance of the parties, the waiver of a jury and an agreement to try the case before the court. It then says, "Whereupon the following proceedings were had;" then follows a copy of the agreements, stipulations and evidence, followed on page seventeen with the statement, "Whereupon both the plaintiff and defendant rested their case." We think this negatives any presumption that other evidence may have been either offered or received.

1. Record contains all the evidence.

It is urged. upon the other grounds for dismissal that, as the words "amendments suggested as hereto attached" appear by interlineation in the acknowledgment of service, and no amendments are attached and there is nothing to show that any were acted upon, the case-made is defective.

We do not think this position is tenable. That paper shows no appearance of anything having been detached therefrom. It is immediately followed by an agreement of the parties that the case should be settled and signed on the first day of March, 1895, term of the District Court of Jewell County, Kansas, or as soon thereafter as the court could hear it, and no showing is made except by the interlineation in the record that any amendments were suggested. The court certified that none were in fact suggested, and that the parties agreed that the case should be settled and signed at said time. The motion to dismiss must be overruled.

2. Case-made held sufficient.

This brings us to the merits of the case. The defendants in error have filed no brief upon the merits of the case. This may mean that they fully expected their motion to dismiss would be sustained, or, that they had nothing to say on the merits of the case. And at this point we deem it proper to say, that in all instances

450 SNYDER v. MOON.

N. Dept. Opinion. Wells, J. 5 Kan. App.

where a case is reached for trial in its regular order, and is thereafter placed upon the trial docket for hearing, the respective parties must be prepared to present it upon its merits, notwithstanding motions or other matters not to the main issue may be presented at the same time. This is necessary for the dispatch of the business of the court. If the defendant in error desires to present a motion upon the jurisdiction of the court or other questions not upon the merits alone, he must do so before the case is regularly reached for hearing.

There are three assignments of error in plaintiff's brief, but the three in fact complain of but one error, and that is, the court rendered the wrong judgment on the evidence and agreed statement of facts.

It is agreed as follows :

"That the note set up in plaintiff's petition and sued upon herein, is a negotiable promissory note, payable to the order of Hulbert Brothers ; that it was transferred to plaintiff before maturity by delivery, merely, and not by indorsement ; that on or about the maturity of said note, the defendant herein paid the same to Hulbert Brothers, who stated to the defendant that the note now in suit was in the possession of the plaintiff, and that Hulbert Brothers would have said note returned to them and deliver the same to defendant."

Under these facts the note in the hands of the plaintiff was not negotiable paper and

3. Payment of promissory note at place designated, defense, when.

the payment to the payee is a complete defense to the action, unless the maker had notice before payment that it had been transferred to another. *McCrum v. Corby*, 11 Kan. 464 ; *Hadden v. Rodkey*, 17 id. 429 ; *Calvin v. Sterritt*, 41 id. 215.

This leaves only the question, — did the defendant

have notice of the transfer before he paid the same? There is no evidence or stipulation as to when the defendant was first informed that the note was not in the possession of the payee, and to sustain the judgment of the court below we are authorized to presume that it was after the payment thereof ; in fact, the defendant offered to prove this, and it was objected to by the plaintiff and objection sustained by the court.

The judgment of the court below will be affirmed.