JAMES LUCAS *et al.* v. C. E. BRAKEFIELD.

(Filed April 10, 1899.)

1. CONVERSION—*Damages—Evidence.* This was an action to recover damages for the carrying away and conversion by the sheriff, on behalf of the defendant, of wheat belonging to the plaintiff. Evidence was introduced tending to show that the wheat was seized by the sheriff under an execution issued upon a void judgment, which had been rendered by a justice of the peace, and that the wheat belonged to the plaintiff, and evidence was given of its value.

2. VERDICT—*Not Disturbed.* While evidence was offered tending to contradict the evidence thus introduced, yet, upon submission to the jury, a verdict was rendered for the plaintiff, and, having been based upon evidence which reasonably tended to support it, it will not be disturbed here.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before Jno. H. Burford, District Judge.*

*C. H. Carswell* and *J. J. Carney,* for plaintiffs in error.

*W. H. Criley,* for defendant in error.

Action by C. E. Brakefield against James Lucas and W. D. Porch. This was an action brought before a justice of the peace in Canadian county to recover damages for the conversion of grain, in which the defendant in error here was plaintiff. The bill of particulars charged that on the 22d day of January, 1894, the defendants, Lucas and Porch, carried away and converted to their own use 312 bushels of wheat, the property of the plaintiff, of the value of $99.84, which was due to the plaintiff, and remained unpaid, and for which he demanded judg-

ment. No answer was filed below. Upon trial, judgment was rendered for the plaintiff in the case, and appeal taken by the defendants to the district court, where it was again tried to a jury, and a verdict rendered in behalf of the plaintiff, defendant in error here. The case is brought here for a reversal of this judgment. Affirmed.

Opinion of the court by

McATEE, J.: Some immaterial matters, entitled, "Suggestion of Amendments," and "Supplemental Bill of Particulars and Plea of Estoppel," are admitted to have been included in the record after the rendition of judgment, and without leave of court. They are no part of the case, and are not considered here.

The grounds upon which the motion for a new trial was made were (1) that the verdict was not sustained by sufficient evidence, and was contrary to it; (2) was contrary to law; and (3) for errors of law occurring at the trial. The only proposition argued in the brief of plaintiffs in error was that the verdict was not sustained by the evidence.

Thhe evidence tended to show that the wheat was seized by the sheriff of Canadian county under an execution issued upon a void judgment which had been rendered by a justice of the peace of that county, in which action Brakefield was defendant, and that the property was sold thereunder as the property of Brakefield. Evidence was given to the jury to show that the wheat was raised upon the farm of Brakefield, where he lived in January, 1894; that the work was done by his son and a hired man; that it was his own property, and was sold against his protest at the time. Evidence was also given

to the jury showing the quantity of the wheat and the price per bushel, sustaining the amount of the judgment demanded, and of the verdict by the jury, and that the amount remained unpaid. While a good deal of testimony was offered to controvert the testimony thus adduced by the plaintiff, Brakefield, yet, upon submission to the jury, a verdict was rendered in his behalf for the amount claimed, and this verdict, having been based upon evidence which reasonably tended to support it, it will not be disturbed here. (*Bank v. Earle*, 2 Okla., 617, 39 Pac. 391.)

The judgment of the court below will therefore be affirmed.

Burford, C. J.: having presided in the court below, not sitting; all of the other Justices concurring.