## MARKER v. GILLAM.

No. 5128.   Opinion Filed October 5, 1915.

On Rehearing, January 25. 1916.

(154 Pac. 351.)

1.   **ASSIGNMENTS—Damages—Contract of Sale—Breach of Building Contract—Measure of Damages.** On the 28th day of March, 1908. Marker made and entered into a written contract with Garretson, in which he agreed to, and did, sell him a certain tract of land, for the consideration of $2,500, $1 cash in hand, and $2,-499 to be paid within two years, subject to an existing mortgage of $1,200.   On the 21st day of July of the same year, Garretson assigned and delivered said contract for the sale and purchase of said land to Gillam, as collateral security for the faithful performance of a building contract, in which Garretson undertook the construction of a house for Gillam.   On the 28th day of July, Marker sold the land to a man by the name of Dillard for $6,500. Thereafter, Garretson breached his contract with Gillam for the construction of the building, whereby Gillam was damaged in the sam of $1,195.79.   The difference between the price at which Marker agreed to sell the land to Garretson and its actual value at the time he sold it to Dillard, was $4,000.   **Held:** First, that contract of sale was assignable; second, that Gillam could maintain an action for damages against Marker for a breach of said contract of sale, without making Garretson a party to the suit; third, that Gillam's measure of damages would be the amount of damages actually sustained by him by reason of Gillam's failure to keep and perform the terms and conditions of his building contract.

2.   **APPEAL AND ERROR—Findings of Facts—Foundation for Secondary Evidence—Determination of Sufficiency.** When evidence is introduced tending to show the loss of a written contract, for the purpose of laying a foundation to introduce secondary evidence, as to the contents of said contract, the trial court is required to pass upon the sufficiency of such evidence, and its findings of fact thereon will not be disturbed by this court, unless clearly erroneous and it appears therefrom that a manifest injustice has been done the complaining party.

3.   **SAME—Verdict—Evidence.** Where the evidence reasonably tends to sustain the verdict, and when the jury has been properly instructed as to the law, and a motion for new trial has been denied, and the verdict of the jury approved by the trial court,

this court will not invade the province of the jury to weigh the evidence and disturb the verdict.

(Syllabus by Robberts, C.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by E. O. Gillam against George Marker, and, defendant dying, Albert Marker, administrator of his estate, was substituted. Judgment for plaintiff, and defendant brings error. **Affirmed.**

*C. K. Lucas* and *Parmenter & Lenertz,* for plaintiff in error.

*Johnson & Stevens, W. C. Henderson,* and *J. E. Michaelson,* for defendant in error.

Opinion by ROBBERTS, C.  This case comes from the district court of Comanche county, and is an action to recover for breach of contract for sale of real estate.

The record shows that on the 21st day of March, 1908, George Marker, who was the original defendant in the case below, was the owner of a certain quarter section of land in that county, and on that day he entered into a written contract with one Francis Garretson to sell to him said land at the agreed price of $2,500, subject to a mortgage of $1,200, payments to be made as follows:  One dollar at the date and time of the execution of the contract, which was paid, and $2,499 on or before two years from the date of the deed, upon payment of which said Marker agreed to convey to said Garretson, or his heirs or assigns, said land, by good and sufficient warranty deed.  The contract was acknowledged and delivered to Garretson on the 11th day of June, 1908, and is as follows:

"Articles of agreement, made this 21st day of March, in the year A. D. 1908, by and between George Marker, party of the first part, and Francis Garretson, party of the second part, witnesseth:   That said party of the first part hereby covenants and agrees that if the party of the second part, shall make the payments and perform the covenants hereinafter mentioned, on his part to be made and performed, the said party of the first part will convey and assure to the party of the second part, in fee simple, clear of all incumbrances whatever, by good and sufficient warranty deed and abstract of title, the following lot, piece or parcel of real estate, with the appurtenances thereunto belonging, situate in the county of Comanche and State of Oklahoma, to wit, the northwest quarter of section six (6), in township one (1) north, of range twelve (12) west, I. M. And the said party of the second part hereby covenants and agrees to pay to said party of the first part, the sum of twenty-five hundred dollars, and assumes the $1,200.00 mortgage now on the land and in the manner following:   One dollar cash in hand paid, the receipt whereof is hereby acknowledged, and the balance as follows, twenty-four hundred and ninety-nine dollars on or before two years, with interest at the rate of six per cent. per annum, payable annually on the whole sum remaining from time to time unpaid, and to pay all taxes, assessments, or impositions that may be legally levied or imposed upon said land subsequent to the year 1907.   And in case of the failure of said party of the second part to make either of the payments, or perform any of the covenants on his part hereby made and entered into, this contract shall, at the option of the party of the first part, be forfeited and determined, and owing to the fact that we are unable to ascertain the amount of damages at this time, it is mutually agreed that all payments made on this contract shall be retained by party of the first part in full satisfaction and liquidation of all damages by him sustained, and said party of the first part shall have the right to re-enter and take possession of the premises aforesaid.   It is mutually agreed that all the

covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators, and assigns of the respective parties."

On the 21st day of July, 1908, Garretson, who was still the owner of the contract, sold and assigned said contract to E. O. Gillam, who was the plaintiff below, and the defendant in error herein. The assignment of said contract from Francis Garretson to E. O. Gillam, which was legally acknowledged, is as follows:

"Know all men by these presents: That I, Francis Garretson, as the owner and holder of, and the person named in a certain article of agreement for deed to the northwest one quarter ($\frac{1}{4}$) of section six (6) in township one (1) north of range twelve (12) west, I. M. and containing one hundred and sixty acres of land, dated March 21st, 1908, by and between George Marker, party of the first part, and the said Francis Garretson, party of the second part, subject to all of the conditions in said article of agreement, I, the said Francis Garretson, in consideration of one dollar in hand paid, by E. O. Gillam, and other valuable consideration hereinafter mentioned, do hereby assign all my right, title, and interest in and to said article of agreement to the said E. O. Gillam, upon the following conditions: That, whereas, the said E. O. Gillam has this 21st day of July, A. D. 1908, entered into an agreement with one J. F. Piercy and F. M. Garretson, the assignor herein, to build, furnish material and perform all labor necessary in constructing a certain dwelling as will more fully appear in said contract, and subject to the conditions in said contract. Now, if the said J. F. Piercy and F. M. Garretson shall perform and keep all of the conditions, terms and obligations on their part to be kept and performed by them according to the terms and conditions in said contract, then this assignment of this contract for deed shall be null and void, otherwise to be in full force and virtue.

25—54

"In witness whereof, I, the said Francis Garretson, have hereunto set my hand on this 21st day of July, 1908.

"FRANCIS GARRETSON."

The plaintiff alleges that:

"The consideration for the execution and delivery of the sale and assignment of the original contract of sale of said real estate, by the said Francis Garretson to him (E. O. Gillam), was the faithful performance by said Garretson of a certain building contract, made and entered into by and between Francis Garretson, J. F. Piercy, and E. O. Gillam, on the 21st day of July, 1908, for the construction and erection of a certain five-room concrete dwelling, including cellar, to be built on lot 6 in block 56, in the city of Lawton, in accordance with the plans and specifications made and prepared by one T. F. Brodie, architect."

Plaintiff further alleges, in substance, that he is, and at all times since he purchased said contract of sale of said land, on the 21st day of July, 1908, has been, the owner of said contract of sale, and entitled to all the rights and benefits thereunder. And as, and for, a breach of said contract, the plaintiff alleges that:

"The said F. M. Garretson failed to keep and perform the terms of said building contract and failed and neglected to construct and erect said house in accordance with the terms of said contract and deliver the same free and clear of all liens as provided therein, but that the said plaintiff was obliged to, and did in fact, pay out the sum of $1,195.79 on and prior to the 1st day of March, 1909, which said sums the said F. M. Garretson was by his contract bound to pay, but which said sums the said plaintiff was compelled to pay in order to discharge the liens and claims that were entitled to be liens upon said above-described building and the lot upon which the same was situated, and that by reason of the breach of the said contract by the said F. M. Garretson, the said

plaintiff suffered damages in the sum of $1,195.79 with interest thereon at the rate of 6 per cent. per annum from the 1st day of March, 1909."

For, and as, a breach of the contract of sale of the land, the plaintiff alleges:

"That before the time within which the plaintiff had the right to pay said sum of money and to receive such deed, the defendant, unlawfully and without the knowledge or consent of the plaintiff, breached his said contract and sold and transferred said land to one W. F. Dillard, for the sum of $6,500, which said deed was executed and delivered to said Dillard on the 28th day of July, 1908. That when said defendant conveyed said land to W. F. Dillard on the said date, defendant was aware and well knew that said contract for deed was in existence, and that the same was legally assignable, and defendant conveyed said land without the knowledge or consent of the plaintiff, and thereby breached his said contract for deed and by his said act defendant failed and refused, and still fails and refuses, to comply with his said contract to convey said land to said Francis Garretson, or to the plaintiff. That on the date when said deed was made to said Dillard by defendant, on, to-wit, the 28th day of July, 1908, the said land was of value the sum of $6,500 and the said Dillard paid said sum for said land, as shown by said deed, which deed is of record in the office of register of deeds of Comanche county, Okla., in Book No. 94, page 61, Deed Records of said county, to which reference is hereby made, and the same is referred to and made a part hereof."

The plaintiff further alleges that:

"The difference between the actual value of the land and the price at which defendant agreed to, and did, sell said land to the plaintiff is $4,001 and that he was obliged to and did, on and prior to the 1st day of March, 1909, pay out the sum of $1,195.79, which said sums the said

F. M. Garretson was by his building contract bound to pay, but which said sums the said plaintiff was compelled to pay in order to discharge the liens and claims that were entitled to be liens upon said above-described build-. ing and the lot upon which the same was situated; and that by reason of the breach of the said contract by the said F. M. Garretson, the said plaintiff suffered damages in the sum of $1,195.79, with interest thereon at the rate of 6 per cent. per annum from the 1st day of March, 1909."

Wherefore plaintiff prays for damages, because of the breach of both of said contracts, in the sum of $1,-195.79, with interest at 6 per cent. from the first day of March, 1909.

A demurrer was filed to the petition, which was overruled and exceptions saved. The principal question raised by the demurrer is the defect of parties, which will be considered hereafter. The defendant answered first by general denial, and as a second and further defense set up many other matters, which amount mostly to specific denials, and would be included in the general denial, and will not be necessary to mention here, except the question of misjoinder of parties, or rather, the failure of plaintiff to make Garretson, the vendee in the original contract of sale, a party to the action. We will say, however, that all questions raised by the answer have been fully considered. The case was tried to a jury, and there was verdict and judgment in favor of plaintiff for $1,195, and interest, as damages. Motion for new trial was overruled by the court, and defendant brings error.

It appears from the record that the defendant, George Marker, died after the commencement of the suit, and on suggestion of his death, Albert Marker, the ad-

ministrator of his estate, was substituted as defendant below, and is plaintiff in error herein. To obtain a reversal of the case, counsel for plaintiff in error make 33 assignments of error, but in their arguments, as stated in their briefs, they group them into three propositions in the following language:

"There are three main points involved in this case. The first is that a building contract with specifications was the basis of the cause of action that Gillam had against Garretson, and for which he was trying to hold plaintiff in error liable, and the specifications were not introduced in evidence, nor sufficient grounds laid for the introduction of secondary evidence, and it was never attempted to prove the contents nor terms of the specifications. The second is that Garretson was a necessary party to these proceedings; he being the assignor of the contract for deed to Gillam as security for the faithful performance of the building contract. The third is that the undisputed evidence in the case shows that Garretson and Piercy had a building contract with Gillam, with specifications attached, whereby they were to build and furnish the material and complete a house according to the contract and specifications; that Garretson, to secure the faithful performance of said building contract, assigned as collateral security the contract for deed; that Garretson and Piercy defaulted on their contract to build, but the amount of the default was never ascertained in an action they were parties to; therefore the evidence is insufficient to sustain the verdict, and judgment should have been for defendant."

The first general error complained of is the failure of the plaintiff to produce and introduce in evidence the written plans and specifications describing the material and manner in which the building referred to in the assignment contract should be constructed, and the admission of secondary evidence as to said plans and specifi-

cations without proper foundation therefor. The answer to that assignment is that the record shows some evidence, at least, that the written plans were lost. The trial court passed upon the sufficiency of that proof; and, under the well-established rule, his findings of facts, upon which the secondary evidence was admitted, will not be disturbed by this court, and for that reason that contention cannot be sustained.

The second contention of counsel is that Garretson, the vendee in the original contract of sale, who was also the assignor of said contract, should have been made a party to the suit. That proposition must stand or fall upon the question as to whether he was a necessary party to the action, which, as we view it, must be answered in the negative. The contract of sale was unquestionably assigned by Garretson to Gillam, as collateral security for the faithful performance of the building contract. Gillam was the absolute owner of the contract, and his title could only be defeated upon full completion of the building, according to the terms of the contract. Garretson's interest was only an equity of redemption, or such surplus, if any, that might be left after paying whatever damage Gillam, as the assignee, might sustain by failure to complete the building.

This case comes clearly within the rule laid down in *C., R. I. & P. Ry. Co. v. Bankers' Nat. Bank*, 32 Okla. 290, 122 Pac. 499, and that case is decisive of the question in hand. In that case Simpson assigned to the bank, as collateral security, his claim against the railway company for damages on account of injuries to freight received by it in transportation under a written contract. The amount of the claim exceeded the face of the debt. The bank brought suit in its own name without joining Simpson.

The court held that the claim was assignable, and that the bank could maintain an action thereon in its own name, and that Simpson was not a necessary party. The language used in that case, applicable here, is as follows:

"The first error assigned is that, as the assignment was intended as collateral security, it did not vest in the plaintiff such an interest as would permit the plaintiff to maintain the action in its own name, and that Simpson was a necessary party in the case. We do not agree with this contention. In *Minnetonka Oil Co. v. Cleveland Vitrified Brick Co.*, 27 Okla. 180, 111 Pac. 326, Mr. Justice Williams, in delivering the opinion of the court, says: 'The more serious question in this record to determine is whether the contract was assignable. At common law no chose in action was assignable. In equity, however, every chose in action, except a tort, was assignable, but subject to all equities that might be set up against it. *McCrum v. Corby*, 11 Kan. 467 (2d Ed. 353); *Kansas Midland Railway Co. v. Brehm*, 54 Kan. 751, 39 Pac. 690; *Barringer v. Bes Line Constr. Co.*, 23 Okla. 131, 99 Pac. 776, 21 L. R. A. (N. S.) 597; *Glenn v. Marbury*, 146 U. S. 499, 12 Sup. Ct. 914, 36 L. Ed. 790. Under our statute, every chose in action, not founded upon a tort, is assignable, and right of action is conferred upon the assignee. See section 4224, Wilson's Rev. & Ann. St. 1903; St. Okla. 1893, sec. 3898; *K. C., M. & O. Ry. Co. v. Shutt*, 24 Okla. 96, 104 Pac. 51, 138 Am. St. Rep. 870, 20 Ann. Cas. 255.'

"Simpson's claim against the defendant, not arising out of a pure tort, was assignable. 2 Wilson's Rev. & Ann. Stat. 1903, sections 4163, 4224 (Comp. Laws 1909, sections 7349, 5558); *K. C., M. & O. Ry. Co. v. Shutt*, 24 Okla. 96, 104 Pac. 51, 138 Am. St. Rep. 870, 20 Ann. Cas. 255; 2 Wilson's Rev. & Ann. St. 1903, sec. 4226 (Comp. Laws 1909, sec. 5560), provides: 'An executor, administrator, guardian, trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another, or a person expressly

authorized by statute, may bring an action withont join-
ing with him the person for whose benefit it is prose-
cuted.   Officers may sue and be sued in such name as is
authorized by law, and official bonds may be sued upon
in the same way.'

"In construing this statute before it was adopted by
us, the Supreme Court of Kansas, in *Walburn v. Chen-
ault,* 43 Kan. 352, 23 Pac. 657, in deciding that the as-
signee of a judgment against a railroad company could
sue thereon in his own name, notwithstanding that a
beneficial interest was reserved to third persons, says:
'The consideration for the assignment was a large indebt-
edness of Tiernan to Chenault's Bank, or the bank of
which he was president; and it was agreed that the pro-
ceeds of the judgment should be applied in payment of
the indebtedness, and to the discharge of an attorney's
lien which had attached to the judgment.   The assign-
ment was absolute, and is such as to vest in the assignee
the whole legal title.   He had such a beneficial interest in
the proceeds of the judgment that he could bring an ac-
tion in his own name, without joining other parties, who
by collateral agreement might be entitled to a share of
the proceeds.   Under section 28 of the Code, it is pro-
vided that an action may be brought by a "person with
whom or in whose name a contract is made for the benefit
of another, * * * without joining with him the person
for whose benefit it is prosecuted."   The assignee was
authorized to receive the proceeds of the judgment, and
the assignment is such as to afford complete protection to
the plaintiffs in error against a second action by other
persons interested in the proceeds of the judgment, and to
whom the assignee may be required to account.   The
plaintiffs in error were not limited or cut off from any
defense by reason of the assignment, and the absence of
parties to whom the assignee must account cannot cause
any future embarrassment to the plaintiffs in error.   In
*Williams v. Norton,* 3 Kan. 295, it was held that where
a note was assigned to one with a beneficial interest in
the proceeds of the same, and with an understanding

that he was to receive the money on it, such person was the real party in interest, within the meaning of the Code, and might sue in his own name, although he was not entitled to apply to his own use the whole of the proceeds. *Allen v. Brown,* 44 N. Y. 228; Pom. Rem., sec. 132. The action was properly brought in the name of the assignee, and no prejudice could result to the plaintiffs in error by his failure to join other parties interested in a part of the proceeds of the judgment, or by his failure to allege his liability to them.'

"It is true here, as in the case of *Walburn v. Chenault, supra,* that a recovery by the plaintiff is a complete protection to the defendant against any other claim which Simpson might assert, and that any defense which it might urge against Simpson it might likewise urge against the plaintiff. While there is some conflict in other jurisdictions as to whether the assignee may sue when the assignment is intended merely as collateral security (4 Cyc. 99-101, and notes), we think the previous decisions of this court, and of the Supreme Court of Kansas construing our statute, are sufficient to establish the right of such an assignee to maintain the action without joining the assignor."

It must be apparent from the foregoing case, and authorities therein cited, that Garretson was not a necessary party, and there was no error in the court so holding.

The third contention is that:

"The evidence in the case shows that Garretson and Piercy had a building contract with Gillam, with specifications attached, whereby they were to build and furnish the material and complete a house according to the contract and specifications; that Garretson, to secure the faithful performance of said building contract, assigned as collateral security the contract for deed; that Garretson and Piercy defaulted on their contract to build, but

the amount of the default was never ascertained in an action they were parties to. Therefore the evidence is insufficient to sustain the verdict, and judgment should have been for defendant."

This proposition simply goes to the sufficiency of the evidence to sustain the verdict of the jury and judgment of the court. A verdict or findings of the jury based upon evidence reasonably tending to support them will not be disturbed on appeal. *Lucas v. Brokefield,* 8 Okla. 284, 57 Pac. 166. That rule has been established and followed in a great many cases in this court. We might further add here that we have carefully gone over the briefs and record in this case, and are entirely satisfied that the verdict and judgment are fully sustained by the evidence. Many questions have been raised by counsel for plaintiff in error, and the case has been briefed and argued with much more than ordinary care and ability, and the writer of this opinion has given them all consideration, but it must be apparent that it would be impracticable for the court to discuss each one separately.

Upon full consideration of the whole case, we are of opinion that no prejudicial error has been committed, and that it should be affirmed.

## ON PETITION FOR REHEARING.

The judgment in the lower court was in favor of plaintiff for $1,195, with interest at the rate of 6 per cent. per annum, from the 1st day of March, 1909. That judgment was affirmed by this court on the 5th day of October, 1915. On motion for rehearing, the original opinion is modified in this: The judgment in the district court is reduced to the sum of $1,080, to draw interest at the rate of 6 per cent. per annum from the date thereof,

which was January 27, 1913. The case is, in all other respects, affirmed and further rehearing denied.

By the Court: It is so ordered.