## MARKER, Adm'r, v. GILLAM.

No. 9899—Opinion Filed March 1, 1921.

(Syllabus by the Court.)

**1. Motions—Nunc Pro Tunc Orders—Nature.**

A nunc pro tunc entry is one made now of something which was actually, previously done, to have effect as of the former date. Its office is not to supply omitted action by the court, but to supply an omission really had, but omitted through inadvertence or mistake.

**2. Judgment—Correction of Journal Entry by Nunc Pro Tunc Order.**

The district court has power to correct a journal entry of a judgment to conform to the judgment originally rendered, even after the same has been affirmed by this court, where the whole record shows that by reason of a clerical mistake such journal entry is erroneous, and attention was not called to such error on review, and judgment of affirmance was in no way based on such errors.

**3. Same.**

The correction of such journal entry under such circumstances is not a rendition of a new judgment nor changing of judgment which has been affirmed by the Supreme Court.

Error from District Court, Comanche County; Cham Jones, Judge.

Action by E. O. Gillam against Albert W. Marker, administrator of the estate of George Marker, deceased. Judgment for plaintiff, and from a nunc pro tunc order correcting journal entry after affirmance upon appeal, defendant brings error. Affirmed.

C. K. Lucas and B. M. Parmenter, for plaintiff in error.

W. C. Stevens, for defendant in error.

McNEILL, J. This action was commenced in the district court of Comanche county by E. O. Gillam against George Marker. While the case was pending in said court and before the trial thereof, George Marker died, and Albert W. Marker was appointed administrator and the case was revived in the name of Albert W. Marker, administrator of George Marker, deceased. Albert W. Marker as administrator appeared and defended the action, and upon trial of the case a verdict was returned in favor of the plaintiff, fixing the amount of his recovery in the sum of $1,195.79. The administrator filed a motion for new trial, which was overruled, and a journal entry of judgment was filed, reciting that E. O. Gillam should have judgment against George Marker for the sum of $1,195.79, and reciting that Albert W. Marker, administrator of the estate of George Marker, deceased, excepted to the judgment and gave notice of appeal and asked time to make and serve case-made, which was granted. Said case was appealed to this court by Albert W. Marker, administrator of the estate, and reported in this court as Marker v. Gillam, 54 Okla. 766, 154 Pac. 351, where the judgment was modified and affirmed. A mandate was returned to the lower court, and E. O. Gillam made an application for an order nunc pro tunc to correct the journal entry to speak the truth, setting forth the fact that said judgment was

against Albert W. Marker, administrator of George W. Marker, but the journal entry recited it was against George W. Marker, and asked for an order nunc pro tunc to correct the journal entry. Notice was given on the 29th day of January, 1919, and the judge of the district court entered an order nunc pro tunc that the journal entry be corrected, and judgment be entered against Albert W. Marker, administrator of the estate of George Marker, deceased. The administrator has appealed to this court from the judgment of the court entering the order nunc pro tunc.

Plaintiff in error briefs his case upon the theory that the order nunc pro tunc was an order attempting to change the judgment from a judgment against George Marker to a judgment against Albert W. Marker, administrator of estate of George W. Marker. Plaintiff in error cites cases upon the theory that a court cannot change or modify its judgments at a subsequent term. We do not think these cases are applicable, but the case of Perkins v. Haywood (Ind.) 31 N. E. 670, cited by plaintiff in error, announced the correct rule, which is stated as follows:

"A nunc pro tunc entry in practice is an entry made now of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted action by the court, but to supply an omission in the record of action really had, but omitted through inadvertence or mistake."

When this case was tried in the lower court to the jury, the administrator was the defendant, and the jury returned a verdict in favor of the plaintiff. The administrator excepted to the verdict of the jury, filed his motion for a new trial, which was overruled, and the court rendered judgment upon said verdict and the administrator appealed to this court to reverse said judgment.

It was not contended in this court on the former appeal that the judgment was not against the administrator, but the appeal was to reverse a judgment rendered against the administrator, and the opinion of this court in the former case recites that Albert W. Marker, administrator, was substituted as defendant below and had appealed. This brings the case squarely within the rule announced in the case of Edinburgh Lombard Inv. Co. v. Walsh (Kan.) 79 Pac. 688. The syllabus of the case is as follows:

"A district court has power to correct a journal entry of a judgment to conform to the judgment originally rendered, even after the same, manifested by certified copy of such erroneous entry, has been affirmed by Supreme Court, where the whole record shows that, by reason of clerical mistakes, such entry is erroneous; that attention was not called to such errors on review; and that the judgment of affirmance was in no way based on such errors.

"The correction of such journal entry under such circumstances is not the rendition of a new judgment, nor the changing of a judgment which has been affirmed by the Supreme Court."

A similar case was again presented to the Supreme Court of Kansas in the case of State ex rel. Beals v. City of Stafford, 161 Pac. 657, and the court stated as follows:

"Where, after a judgment has been affirmed by this court on appeal, the journal entry of that judgment is corrected so as to make the journal entry recite the judgment that was rendered, all questions that could have been presented on that appeal are concluded, even though the corrected journal entry recites a judgment different from that set out in the original journal entry."

The order nunc pro tunc did not change or modify the judgment, nor render a new judgment, but simply corrected the journal entry to speak the truth and rendered the judgment that was actually rendered and that was considered rendered by the court, and from which the administrator appealed to this court. That the district court of this state has power and authority to correct its records to speak the truth upon proper application and notice, is the uniform holding of this court. Courtney v. Barnett, 65 Oklahoma, 166 Pac. 207; Jones v. Gallagher, 64 Oklahoma, 166 Pac. 204; Bristow v. Carrigar, 37 Okla. 736, 132 Pac. 1108; In re Petition Breeding, 75 Okla. 169, 182 Pac. 899.

The order nunc pro tunc simply rendered the judgment that was intended and actually rendered at the former trial. The administrator was the party defendant, appeared and defended. The verdict of the jury was in favor of the plaintiff, and the court rendered judgment on that verdict. The administrator appealed from the judgment to this court, and the judgment was affirmed. The administrator cannot now contend the judgment was not against him as administrator of said estate. We think the court had jurisdiction to correct the judgment to speak the truth, and by nunc pro tunc order render the judgment that was actually rendered in the first instance, and the record supports the finding of the court to support the order.

For the reasons stated, the judgment of the trial court is affirmed.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.