**CONTINENTAL REFINING CO. v.
HELTON.**

No. 10185—Opinion Filed May 31, 1921.

(Syllabus.)

**Appeal and Error — Review—Questions of
Fact—Verdict.**

In a civil action, triable to the jury,
where there is competent evidence reason-
ably tending to support the verdict of the
jury, and no prejudicial errors of law are
shown in the instructions of the court or
its ruling on law questions presented during
the trial, the verdict of the jury will not be
disturbed on appeal.

Error from District Court, Creek County;
Gaylord R. Wilcox, Judge.

Action by J. A. Helton against the Con-
tinental Refining Company for damages
for pollution of stream. Judgment for plain-
tiff, and defendant brings error. Affirmed.

Cheatham and Beaver, for plaintiff in er-
ror.

J. A. Watson and C. B. Rockwood, for de-
fendant in error.

JOHNSON, J. This is an appeal from the
superior court of Creek county; Hon. Gay-
lord R. Wilcox, Judge.

J. A. Helton, as plaintiff, commenced an
action in the superior court of Creek county,
August 31, 1917, against the Continental
Refining Company, a corporation, defendant,
to recover damages for the pollution of a
stream or watercourse known as Sand creek.
The cause was tried to the court and jury,
and resulted in a verdict and judgment in
favor of the plaintiff in the sum of $1,000,
to reverse which this proceeding in error
was regularly commenced. For convenience,
the parties will hereinafter be referred to as
plaintiff and defendant, respectively, as they
appeared in the trial court.

The plaintiff alleged in his petition that
he was the owner of the 160 acres of land,
described in his petition, and that Sand
creek traversed his land for a distance of
about one mile, and charged that defendant
in June, 1915, began the operation of a re-
finery which was located upon the banks of
the said stream about one mile distant from
the said land of the plaintiff, and which said
refinery was located on said stream above
the said land of plaintiff, and that the de-
fendant, in its process of refining oil at its
said refinery, continuously thereafter drain-
ed and allowed to flow into said stream the
waste water and poisonous substance from
said refinery, the chemical properties of
which were unknown to the plaintiff, and
which polluted and had continued to pollute

the said stream, to the great damage of the
plaintiff.

The plaintiff alleged that he had used the
said farm as a stock farm, keeping a large
number of brood mares and cows for breed-
ing purposes upon his said farm, and also
kept young stock and other stock for profit,
from which he realized a good and handsome
income, to the amount of more than $1,000
per year clear profit to the said plaintiff;
but since the pollution of said stream by
the wrongful acts of the defendant company
the plaintiff had been forced to give up his
said farm for the uses and purposes of a
stock farm on account of the water of said
stream being polluted as above stated, being
dangerous to the live stock, and also said
water had the effect of causing the mares
and cows that drank the said polluted water
when upon the said farm of the plaintiff to
become barren, and the said cows and mares
would no longer breed and raise colts and
calves, to the damage of the plaintiff, and
that on account of the polluted stream of
water above stated the value of the land
of the plaintiff had diminished and the
rental value of said premises had dimin-
ished.

The foregoing was the basis of his dam-
ages, and he sued to recover the sum of
$8,000. The defendant joined issue by its
answer, consisting of a general denial.

The defendant's petition in error states
seven grounds of error: (1) Overruling the
motion for a new trial. (2) Overruling the
demurrer to the plaintiff's evidence. The
third allegation of error is abandoned. (4)
The giving of instructions numbered 3 and
4. (5) The refusal to give defendant's re-
quested instructions numbered 1, 2, and 3.

We have examined the entire record in the
case, and from such examination was have
concluded that there is no merit in the de-
fendant's appeal, for the reasons that there
is competent evidence reasonably tending to
support the verdict of the jury and in the
amount thereof, and the complaint of the
defendant as to the receiving and exclusion
of evidence over its objection, and giving
and refusing instructions, did not constitute
error for the reason, so often announced by
this court, that "in a civil action, triable to
the jury, where there is competent evidence
reasonably tending to support the verdict
of the jury and no prejudicial errors of law
are shown in the instructions of the court,
or its ruling on law questions presented
during the trial, the verdict and finding of
the jury will not be disturbed on appeal."
McCoy v. Wosika, 75 Okla. 3, 180 Pac. 967;

Bunker v. Harding et al., 70 Oklahoma, 174 Pac.749; Blasdel et al. v. Gower, 70 Oklahoma, 173 Pac. 644; Shawnee Nat. Bank v. Pool, 66 Oklahoma, 167 Pac. 994; Chicago, R. I. & P. Ry. Co. v. Pruitt, 67 Oklahoma, 170 Pac. 1143.

The record presents a case where the evidence was clearly in conflict, but the plaintiff supported his cause by competent evidence which, for the most part, was disputed by the testimony of the defendant. The court fairly submitted the cause to the jury, and the rulings of the court on the admission of evidence were not prejudicial to th defendant, and it is evident that the jury believed the testimony of the plaintiff's witnesses, and under the same the amount of the verdict is not excessive, and for these reasons, and under the authorities cited, the judgment is therefore affirmed.

HARRISOIN, C. J., and MILLER, ELTING, and KENNAMER, JJ., concur.