## CRAIG & WALL v. PLUMMER.

No. 11015—Opinion Filed July 3, 1923.

**1. Appeal and Error—Review—Question of Fact—Verdict.**

This court will not reverse a judgment rendered upon a verdict of a jury if there is any testimony that reasonably tends to support the verdict of the jury.

**2. Same.**

Nor will this court reverse the judgment of the trial court resting upon a verdict of the jury, on the ground of insufficient evidence to support the verdict, even though the evidence be such that reasonable men might arrive at different conclusions. The jury has the benefit of judging the weight to be given the words of the witness, by manner and demeanor of the witness while testifying, which elements may sometimes weigh stronger than the words. Hence, one of the reasons for the foregoing rule.

**3. Same—Action on Sale Contract.**

Record examined, and held to support the verdict of the jury.

((Syllabus by Stephenson, C.)

Commissioners' Opinion. Division No. 4.

Error from District Court, Major County; James B. Cullison, Judge.

Action by Craig & Wall against L. Plummer for recovery of money, and cross-action by the defendant against the plaintiffs on counterclaim. Judgment for defendant on counterclaim, and plaintiffs bring error. Affirmed.

John B. Roberts, for plaintiffs in error.

C. B. Wood and Swindall & Wybrant, for defendant in error.

Opinion by STEPHENSON, C. The plaintiffs commenced their action against the defendant in the district court of Major county on October 14, 1918, alleging breach of contract for the sale and delivery of broom corn by the defendant to the plaintiffs, and seeking recovery of $500 paid on the purchase price of the broom corn. The plaintiffs alleged that they purchased seven tons of the 1918 broom corn crop at $310 per ton, and two tons of the 1917 crop at $115 per ton, on August 28th, for delivery within 20 days from date. The plaintiffs alleged that the defendant failed to deliver the broom corn within the time specified, and failed to deliver the kind and quality agreed upon. The defendant alleged no particular date was fixed for delivery, and that he tendered the number of tons, kind and quality, to the plaintiffs on October 16, 1918, in accordance with the contract, which the plaintiffs refused to accept.

The defendant by cross-action sought to recover the difference between the market value of the broom corn on the date of delivery and the contract price. The evidence on the part of the plaintiffs is to the effect that on August 28, 1918, they purchased from the defendant the number of tons of broom corn as above set forth, for the prices named; that they delivered to the defendant their check in the sum of $500, to apply on the purchase price of the broom corn. The evidence of the plaintiffs further showed that the defendant tendered the broom corn on October 16th, several weeks subsequent to the time it should have been delivered, and that it was of a different kind and quality from that purchased. The evidence of the defendant was to the effect that Craig, one of the plaintiffs, came to his farm on or about August 28th, and inspected the broom corn in question, and agreed to pay the sums of money per ton hereinabove set forth, and no particular time was fixed for delivery, other than within a reasonable period of time.

The evidence further shows that Craig was on the premises of the defendant about October 11th, being Wednesday or Thursday, and that Craig was then insisting on the delivery of the broom corn promptly, and that in accordance with the request of the plaintiffs, the defendant did deliver the broom corn on the 16th. Mr. Craig testified that although the 20 days for delivery had expired, that he was yet willing to take the corn if it had been delivered on the following day, as he requested the defendant to do. The theory of the plaintiffs was that they contracted for the delivery of broom corn of a certain kind and quality not later than 20 days from August 28th, and that the defendant delayed delivery far beyond the time contracted for, and tendered a kind and quality other than that agreed upon. The defendant's theory was that the corn was to be delivered within a reasonable length of time from the date of the contract, and that he tendered delivery within a reasonable length of time, and of the kind and quality contracted for by the plaintiffs, and that the market prices had decreased on the date he tendered the broom corn from $310 per ton for the 1918 crop to $100 per ton, and from $115 per ton to $40 per ton for the 1917 crop, and that by reason of the plaintiffs' refusal to take the property as contracted for, he was damaged in the sum of $1,300, and that after allowing a credit of $500 paid on the purchase price, he was entitled to recovery from the plaintiffs the difference in the sum of $800.

The theory of both plaintiffs and defendant was fully and fairly submitted to the jury under proper instruction by the court, based upon a proper measure of damages. Under proper instruction of the court and upon the request of both parties, the jury inspected the broom corn in controversy. The jury returned its verdict for the defendant in the sum of $770. There was evidence offered by each party in support of their contentions. We think the record fairly supports the verdict of the jury. If there is any testimony that reasonably tends to support the verdict of the jury, the cause will not be reversed on appeal. Lucas v. Brakefield, 8 Okla. 284, 57 Pac. 166; Watts v. First National Bank. 8 Okla. 654, 58 Pac. 782; Barnes v. Lynch, 9 Okla. 156, 59 Pac. 995; Dunlap v. Stannard, 19 Okla. 232, 91 Pac. 845; Burns v. Vaught, 27 Okla. 711, 113 Pac. 906; St. L. & S. F. Ry. Co. v. Akard, 60 Okla. 4, 150 Pac. 344; Clawson. v. Cottingham, 34 Okla. 493, 125 Pac. 1114.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.