## COMPIER v. THOMAS.

No. 11723—Opinion Filed Sept. 18, 1923.

**Appeal and Error—Motion for New Trial—Newly Discovered Evidence — Discretion of Trial Court—Burden on Appeal.**

In a case appealed to this court where the only ground of error presented and argued in briefs is error of the trial court in overruling motion for new trial upon the ground of newly discovered evidence, the burden rests strongly upon the party alleging error to show that the trial court abused its discretion, and unless this burden is discharged in a clear and satisfactory manner, the ruling of the trial court thereon will not be disturbed.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Hughes County; John L. Coffman, Judge.

Action by Lloyd Thomas against Mitchell Compier for debt. Judgment for plaintiff in the sum of $1,133.91, to reverse which this proceeding in error was commenced. Affirmed.

John W. Willmott and R. J. Roberts, for plaintiff in error.

W. W. Pryor, W. N. Stokes, and H. W. Carver, for defendant in error.

Opinion by LOGSDON, C. This was an action of debt commenced in the lower court by Lloyd Thomas against Mitchell Compier upon two promissory notes and an open account, said indebtedness being based upon a sale and purchase of an automobile. Upon trial in the lower court a jury was waived and the case submitted to the court, resulting in judgment as above stated. On appeal to this court the sole ground of error presented and argued in the briefs is the alleged error of the trial court in overruling the motion for new trial filed by the defendant upon the ground of newly discovered evidence. Upon the hearing of this motion in the trial court, oral testimony was heard and the affidavits of the witnesses, whose testimony is alleged to have been newly discovered, were presented. After hearing the oral testimony and the affidavits and the argument of counsel thereon, the trial court determined that the showing made was insufficient to authorize the granting of a new trial, and this finding by the trial court is tantamount to a finding that such newly discovered evidence, if presented on a second trial, would not probably change the result thereof. The material issue toward which the alleged newly discovered evidence was directed was whether the plaintiff, Lloyd Thomas, repurchased the automobile from the defendant, Mitchell Compier, or whether his possession of the car was merely for the purpose of sale at a price fixed by the defendant. One witness testified in behalf of defendant that plaintiff tried to sell him the car for $750 without making any claim that it was not his car. It was admitted of record that five other

witnesses tendered by defendant would testify to substantially the same facts. Defendant in his own behalf testified that there was no one present at the time of the transaction between him and the plaintiff in which he claimed to have resold the car to plaintiff. In his motion for new trial upon the ground of newly discovered evidence he alleged that two named persons were present and heard the trade. The parties and witnesses were all before the trial court and it is peculiarly within the province of the trial court under such circumstances to determine whether the alleged newly discovered evidence is credible, whether the witnesses are reliable, whether such testimony would probably change the result on another trial, and whether such newly discovered evidence is merely cumulative of that produced on the trial, and the decision of these questions is necessarily a matter of discretion. In such case it has long been settled by decisions of this court that unless it is clearly shown upon appeal that the trial court abused this discretion vested in it by its action upon the motion for new trial upon the ground above stated, this court will not disturb such ruling. Jones v. Okla. Planing Mill & Mfg. Co., 17 Okla. 477, 147 Pac. 999; Jones v. S. H. Kress & Co., 54 Okla. 194, 153 Pac. 655; M., K. & T. Ry. Co. v. Taylor, 69 Okla. 79, 170 Pac. 1148; Eskridge v. Taylor, 75 Okla. 139, 182 Pac. 516; In re Klufa's Estate, 78 Okla. 13, 188 Pac. 329; Danciger v. Isaacs, 82 Okla. 263, 200 Pac. 164.

Upon the entire record as presented in this court it is concluded that defendant, Mitchell Compier, has not sustained the burden resting upon him in this court to show an abuse of discretion by the trial court in overruling his motion for new trial upon the ground of newly discovered evidence, and that the judgment of the trial court should, therefore, in all things be affirmed.

By the Court: It is so ordered.