## CARIGNANO v. BOX.

No. 14668—Opinion Filed Feb. 12, 1924.

1. **Appeal and Error—Presumption in Favor of Judgment.**

On appeal to this court the judgment of the lower court is presumed to be correct and the burden is on the party assailing the judgment to point out wherein it is erroneous. Plaintiff in error cites no authorities to support the contention that the judgment of the lower court is erroneous.

2. **Same—Briefs.**

A plausible, but not convincing, argument in the brief unsupported by citation of authority is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court.

3. **Process—Sufficiency of Return on Summons.**

Where return of sheriff of service of summons upon the defendant recites that he "executed the same in my county by delivering a true copy of the within summons with all the indorsements thereon to the defendant (naming him)" and gives the hour, day, month, and year, at which time the same was served, it is substantial compliance with the statute of this state regulating the service of summons, and motion to quash and set aside summons must be denied.

4. **Pleading—Petition—Sufficiency.**

Where plaintiff's petition, taken in its entirety, shows a good and legal cause of action against the defendant, the demurrer of the defendant thereto must be denied.

5. **Appeal and Error—Discretionary Rulings—Pleadings out of Time.**

The granting or refusing of an application to file pleadings out of time is largely in the sound, judicial discretion of the trial court, and his decision thereon will only be reversed here where such discretion is shown to have been abused.

6. **Same—Amendments to Pleadings.**

Motion for judgment on the pleadings is not looked upon with favor, and is in the nature of a demurrer, and amendments may be allowed by the trial court to defeat such motions, and unless it is shown that the discretion of the court has been abused,

to the prejudice of the complaining party, this court will not reverse the judgment of the trial court upon this ground.

**7. Appeal and Error—Defective Briefs—Sufficiency of Evidence.**

Where, as in this case, none of the evidence is set out in brief of attorney for plaintiff in error or any abstract or abridged statement thereof appears in the brief and no specific ground of error is pointed out or argued in said brief and no authorities cited in support of said contention, under Rule 26 of this court and the decisions thereon, this court is not called upon to consider assignments of error based upon the sufficiency of the evidence.

**8. Same—Instructions.**

Where plaintiff in error complains of instructions given or refused, and the instructions complained of, or any portion thereof, are not set out in totidem verbis in brief of plaintiff in error, under Rule 26 of this court, nothing is presented for review to this court.

**9. Same—Verdict—Conclusiveness.**

In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Latimer County; E. F. Lester, Judge.

Action by Nick Box, against C. Carignano, for recovery on a loan. Judgment for plaintiff. Defendant appeals. Affirmed.

Philos S. Jones, for plaintiff in error.

Ira C. Haycock, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Latimer county, Okla., by Nick Box, defendant in error, plaintiff below, against C. Carignano, plaintiff in error, defendant below, to recover $1,100 upon a loan from defendant in error to plaintiff in error.

The parties to this action will be referred to as plaintiff and defendant as they appeared in the court below.

Plaintiff alleges that on the 7th day of June, 1918, for a valuable consideration, the defendant executed and delivered to plaintiff a paper writing, whereby defendant agreed to pay the plaintiff the sum of $1,100, and that said sum had been refused and was still due and unpaid, and attached a copy of the instrument to his petition; that at said time and place the defendant delivered to the plaintiff ten shares of stock of the Costanso Coal & Mining Company of the par value of $100 per share, and that defendant promised orally to redeem said stock at the value of $1,100 on the 7th day of September, 1918; that plaintiff was drafted into the United States Army on the 3rd day of September, 1918, and discharged therefrom on the 15th day of December, 1918, and that at various and sundry times payment had been demanded of the $1,100 and evidence of debt and the certificate of stock had been tendered back.

On the 5th day of November, 1920, plaintiff caused summons to be issued, which was served by the sheriff and return made as follows:

"I received this summons on the 5th day of Oct., 1920, at 4 o'clock p. m. and executed the same in my county by delivering a true copy of the within summons with all the endorsements thereon to the defendant, C. Carignano on the 5th day of October, 1920, at the hour of 5 o'clock, p. m.

"John G. Shaw, Sheriff,
"By E. L. Buse, Deputy."

Defendant appeared specially and filed motion to quash service upon the ground, "That the same is wholly insufficient to confer jurisdiction upon this court," which motion was overruled by the court and the defendant excepted.

Whereupon, the defendant filed a general demurrer to the amended petition of plaintiff, which demurrer was by the court overruled and defendant reserved an exception.

Defendant thereafter filed his answer, which denied the indebtedness, but admitted that he delivered to plaintiff the written promise to pay sued upon for $1,100, and admitted that the ten shares of stock were issued and delivered by the defendant to the plaintiff, and alleged that at the time it was agreed by and between the plaintiff and defendant that if the plaintiff so desired, on the 7th day of September, 1918, plaintiff was to notify the defendant and return the stock and the instrument in writing, together with another share of stock, owned by the plaintiff, and receive the sum of $1,100; that the plaintiff failed and refused to return the stock and the paper writing and receive the money, but that plaintiff notified the defendant that he did not wish to return said stock and receive the money, and prayed that plaintiff take nothing.

To the answer of defendant, plaintiff filed reply by way of general denial.

Defendant filed a motion for judgment upon the pleadings, which motion was by the court overruled, and defendant reserved an exception.

Upon these issues the cause was tried to a jury. At the close of the testimony the defendant filed a demurrer to the evidence, which demurrer was overruled and exception reserved.

At the close of all the evidence the defendant moved to direct a verdict in his favor which motion was overruled and exception reserved.

The case was submitted to a jury upon instructions of the court and the jury returned a verdict in favor of the plaintiff and against the defendant in the sum of $1,000, and that defendant pay all costs upon plaintiff returning to defendant the ten shares of stock and written evidence of the debt. To the form of this verdict the defendant objected, on the grounds that the jury had no authority to order the return of the stock with memorandum to pay. The jury was ordered back to the jury room, and thereafter returned into court its verdict, fixing the amount of recovery of plaintiff against the defendant at $1,000, with interest from the 7th day of June, 1918, at six per cent. per annum from date.

A motion for new trial was filed, heard, and overruled and exceptions reserved by the defendant, and the court rendered judgment upon the verdict of the jury in favor of the plaintiff and against the defendant in the sum of $1,000, with interest from the 7th day of June, 1918, from which judgment the cause comes to this court regularly on appeal by the defendant.

Attorney for defendant sets up 11 assignments of error, in substance as follows: Overruling motion for new trial; overruling motion to quash summons and service thereon; overruling demurrer to plaintiff's amended petition; overruling motion of defendant for judgment on the pleadings, and failure of the court to sustain demurrer of the defendant to the sufficiency of the evidence at the close of plaintiff's testimony, and failure to sustain defendant's motion for a directed verdict; error in giving instructions No. 1, No. 2, No. 3 and No. 4; error in allowing the verdict of the jury to stand without setting same aside on motion of the defendant, it being contrary to the court's instructions and against the weight of the evidence; and groups the last three under the general head that the verdict was contrary to the court's instructions and against the weight of the evidence, and that the court did not submit every theory of the case to the jury, and that neither the trial court nor the jury understood the two theories or the evidence supporting same.

Upon a careful consideration of the brief of defendant we do not find that the attorney for defendant has cited any decision from this or any other court to sustain his several contentions, and only in one instance cites a section from the statute of this state and this court, in the case of Chestnut & Smith et al. v. Lynch et al., 84 Okla. 199, 202 Pac. 1018, announced this rule in the following language:

"On appeal to this court the judgment of the lower court is presumed to be correct, and the burden is on the party assailing the judgment to point out wherein it is erroneous. Plaintiffs in error cite no authorities to support the contention that the judgment of the lower court is erroneous. This court has announced the following rule:

"'A plausible, but not convincing, argument in the brief unsupported by citation of authority, is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court. Blue v. Board of County Commissioners of Garvin County, 82 Okla. 178, 198 Pac. 851.'

"Calling the court's attention to one section of the statute, without any argument or authorities to show wherein the judgment is erroneous, is not sufficient to overcome the presumption that the judgment of the trial court is correct."

On the first contention, that the court committed error in not quashing service of summons, it will be noted that the return, heretofore set forth in this opinion, made by the sheriff, recited, "executed the same in my county by delivering a true copy of the within summons with all the indorsements thereon to the defendant, C. Carignano, on the 5th day of October, 1920, at the hour of 5 o'clock p. m." We cannot understand how there could have been a delivery to the defendant as recited in the return otherwise than as stated, and that the language of the return implies that it was delivered to him in person, and is a substantial compliance with the statute, and we are of the opinion that the trial court was right in overruling this motion.

Upon the second ground, that the court committed error in overruling the demurrer of the defendant to the amended petition of plaintiff, upon examination of the petition we are of the opinion that the petition taken in its entirety was sufficient as against the demurrer of the defendant and the trial court was correct in overruling said demurrer.

Upon the third ground, that the court erred in overruling the motion of defendant for judgment on the pleadings because plaintiff was allowed to file his reply on the day that the motion was passed upon, we find upon examination of the pleadings that the reply was filed on the 19th day of September, 1921, and the case was not tried until the 6th day of March, 1923, and that it was largely within the discretion of the court to permit the filing of said reply out of time when the filing thereof did not and could not deprive the defendant of any substantial right. This court has announced the rule that motions for judgment on the pleadings are not looked upon with favor, and that amendments may be made to defeat such motions, and that the trial court, in its discretion, may permit pleadings to be filed out of time, which rule finds support in the following authorities: Mires v. Hogan, 79 Okla. 233, 192 Pac. 811; City of Lawton v. Kelley, 62 Okla. 291, 162 Pac. 1081; Lamb v. Alexander, 83 Okla. 292, 201 Pac. 519.

We are of the opinion that the action of the trial judge in permitting the filing of a reply and overruling of motion of defendant for judgment on the pleadings was not an abuse of the discretion of the trial court, nor were the rights of the defendant prejudiced thereby under the circumstances of this cause.

The fourth and fifth complaints, that the court failed to sustain the demurrer of defendant to the evidence introduced by plaintiff, at the close of the evidence on part of plaintiff, and in failing to sustain the motion of the defendant to direct a verdict in his favor, at the close of all the evidence, cannot be sustained for two reasons: First, that none of the evidence is set out in the brief of attorney for defendant nor any abstract or abridged statement thereof appears in said brief; second, that under the rules of this court no specific error alleged is set out in brief of defendant, and no authorities have been cited by attorney for defendant in his brief, and the brief refers the court by general reference to the record, and only contains a bare statement that the evidence was insufficient to make a case according to law, and cites no decisions in support of his contentions, and, under this state of the record, the rules of this court, Rule 26, and the decisions thereon, this court is not called upon to consider these two assignments of error.

The next assignment of error complains of the giving of certain instuctions of the court to the jury, being numbers one, two, three, and four. The attorney for defendant fails to comply with rule 26 of this court, which requires:

"Where a party complains of instructions given or refused, he shall set out in totidem verbis in his brief separately the portion to which he objects or may save exceptions."

This court will not consider the instructions complained of unless said rule is complied with, but it is sufficient to say in passing that, upon examination of the instructions complained of, the court is of the opinion that both theories of this case were properly presented by instructions to the jury.

Under the seventh assignment of error, under which the defendant groups nine, ten, and eleven, attorney for defendant argues that the jury never understood the instructions of the court; that the court did not understand nor comprehend the two theories under the evidence supporting the same, and that the jury returned a verdict contrary to and in disregard of the court's instructions, and that the verdict of the jury is contrary to the weight of the evidence. Upon examination of the whole record it is our opinion that none of these assignments should be sustained, as the record shows that the first verdict of the jury was not received by the court and that the defendant objected thereto, and the jury was returned to its jury room and afterwards returned a proper verdict to conform to the objection of defendant and there was then no specific objection by defendant to the last verdict returned, which was, in our opinion, in proper form.

The unbroken line of decisions of this court is to the effect that:

"In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal. McCoy v. Woska, 75 Okla. 3; Conley v. Jones, 80 Okla. 247; Continental Ref. Co. v. Helton, 82 Okla. 122; Epps v. Ellison, 82 Okla. 224; Sand Springs Park v. Schrader, 82 Okla. 214; Jackson v. Darden, 82 Okla. 256; Sharum v. Sharum, 82 Okla. 266; Meyers v. Caruthers, 83 Okla. 131; Norris v. Hibler, 83 Okla. 197."

And, in the case of Berquist v. Thomas, 86 Okla. 214, 207 Pac. 964, where the evidence is conflicting, as in this case, this court announced this rule:

"Where the evidence is conflicting, but there is sufficient evidence upon which the jury could reasonably predicate the

verdict, and the instructions given by the court are free from error, this court will not reverse the judgment on appeal."

In the case of Craig & Wall v. Plummer, 91 Okla. 193, 217 Pac. 172, this court said:

"There was evidence offered by each party in support of their contentions. We think the record fairly supports the verdict of the jury. If there is any testimony that reasonably tends to support the verdict of the jury, the cause will not be reversed on appeal." (See, also, the cases there cited.)

Applying the rules of this court with reference to appeals and the decisions of this court to the record and the evidence in this case, we are of the opinion that this case was fairly tried and tthe case submitted under proper instructions to the jury; that the jury rendered a proper verdict; that said verdict is amply sustained by the law and the facts in this case, and that the judgment rendered upon said verdict by the trial court is correct, and we are, therefore, of the opinion that the judgment of the trial court is right and should be and is hereby affirmed.

The plaintiff having asked that judgment be pronounced in this court against the bondsmen of the defendant on the supersedeas bond, given and filed in this cause, it is the judgment of the court that judgment be and is hereby pronounced in favor of the plaintiff, Nick Box, for the sum of $1,000, with interest at six per cent. from the 7th day of June, 1918, until paid, and for all legal costs against C. Carignano, as principal on the supersedeas bond, and against Lui Antonelli, Pete Commetto, and Arturo Maggi, as sureties upon said bond.

By the Court: It is so ordered.