## GENERAL PIPE & SUPPLY CO. v. BROWN, Adm'r.

No. 19376. Opinion Filed Sept. 9, 1930.

Commissioners' Opinion, Division No. 1.

N. E. McNeill, for plaintiff in error.

Benjamin C. Connor and Floyd E. Staley, for defendant in error.

REID, C. The plaintiff, General Pipe & Supply Company, a corporation, brought this suit against the defendant, J. A. Brown, as administrator of the estate of Henry Hornecker, to recover for certain oil well casing alleged to have been sold Hornecker by plaintiff.

The only issue on the trial was whether Hornecker ever actually bought the casing as claimed by plaintiff. One Rubin was interested in and was the general manager of the plaintiff corporation, and gave material testimony for the plaintiff. The evidence was conflicting. There was a verdict and judgment for the defendant, and plaintiff appealed.

The plaintiff contends that the case must be reversed for the reason that defendant's counsel in his argument to the jury appealed to race prejudice, which had the inevitable result of depriving plaintiff of a fair and impartial trial before the jury. The record relating to this question appears in the judgment as follows:

"It was agreed in open court by plaintiff and defendant upon the motion for new trial, that following proceedings were had: That Ben C. Connor, attorney for defendant, referred to Max Rubin, the general manager of the plaintiff company, as a 'Jew junk dealer'; that at the time of making said argument to the jury, N. E. McNeill, attorney for the plaintiff, objected to the statements of counsel, and requested the court to admonish the jury not to consider the same, and the court sustained said ob-jection and directed the attorney, Ben C. Connor, attorney for the defendant, to stay within the record, and admonished the jury not to consider or pay any attention to the remarks of counsel regarding the nationality of the plaintiff; but were to be guided solely by the evidence and instruction of the court; that, after the court so admonished the jury as aforesaid, nothing further was said or done by either counsel for plaintiff or defendant in respect thereto."

It must be conceded that the remark made by the attorney for the defendant was highly prejudicial. If the court had overruled plaintiff's objection to the statement, and had failed to admonish and instruct the jury as he did, we would have been required to reverse this case. But immediately upon objection, and in compliance with plaintiff's request, the court acted promptly, and there was no repetition of the improper remarks. There was no suggestion by plaintiff at the time that the action of the court was insufficient to protect its rights under the circumstances. There is no exception in the record to any ruling of the court, and we are not inclined to hold that the remark was of sufficient gravity to require the court of its own motion to take further action.

TEEHEE, HERR, EAGLETON, and LEACH, Commissioners, concur.

By the Court: It is so ordered.