## NATIONAL LIFE & ACCIDENT INS. CO. v. BELL.

No. 19584. Opinion Filed Sept. 9, 1930.

Commissioners' Opinion, Division No. 2.

Ed. K. Brook, for plaintiff in error.

C. P. Kimble, for defendant in error.

HERR, C. This is an action by Frank Bell against the National Life & Accident Insurance Company, an Arkansas corporation, to recover on a life insurance policy. The policy is in the sum of $200, and was issued to Daniel W. Tatum, April 29, 1926.

The judgment of the trial court is affirmed. Plaintiff is beneficiary under the policy. Insured died July 2, 1927. Trial was to the court, resulting in judgment in favor of plaintiff. Defendant appeals.

It is assigned as error that the court erred in excluding certain evidence offered by defendant. The defense was false and fraudulent statements made by insured as to his health at the time the policy was issued. At the trial, defendant sought to prove by Dr. I. C. Wolfe, the physician who attended insured during his last illness, that, from his examination of insured and the history of the case given him by insured, deceased was afflicted approximately two years prior to the time of the issuance of the policy with chronic heart and kidney trouble. The trial court excluded this evidence on the ground that the same was privileged under subdivision 6, section 589, C. O. S. 1921. We think this ruling correct.

Counsel concede that the communication was originally privileged under the provisions of said section. It is, however, contended that plaintiff waived the privilege by the execution and delivery to defendant insurance company of the following certificate attached to a blank claim and proof of death furnished him by said defendant:

"I hereby waive, on behalf of myself or of any person who shall be interested in the policies hereinbefore mentioned, all provisions of law forbidding or restricting any physician or other person who, at any time, attended or examined the deceased, from disclosing in the courts or otherwise, any knowledge, information or belief which he thereby acquired; and I hereby specifically authorize all such persons to freely communicate their knowledge to the company, if it requires them to do so."

This instrument is merely a written promise to waive the privilege. Assuming, then, that plaintiff, as beneficiary under the policy, might legally waive the privilege granted the deceased under the statute in question, still, this instrument was ineffective to irrevocably accomplish this purpose. Defendant insurance company in no wise changed or altered its position by reason thereof. The waiver was no part of the terms or conditions upon which the policy was issued. Plaintiff, therefore, had the right to withdraw the same at any time before it was acted upon.

In 40 Cyc, at page 2405, the following rule is announced:

"A waiver of the privilege extends to the whole transaction. A waiver may be recalled at any time before it is acted upon, but when the waiver is once acted upon, the privilege is entirely lost."

In Herpolsheimer v. Citizens' Insurance Co. (Neb.) 113 N. W. 152, it is said:

"A waiver of protection against the disclosure of privileged communications may be withdrawn at any time before acted upon."

Our attention has been called to numerous cases in which waivers of this kind appear in the insurance policy. These cases hold such waiver valid and binding on the beneficiary. We do not, however, consider these cases applicable to the situation here presented.

Judgment should be affirmed.

DIFFENDAFFER, EAGLETON, REID, and LEACH, Commissioners, concur.

By the Court: It is so ordered.