## HUFFMAN v. HUFFMAN.

No. 21857.  March 27, 1934.

Rehearing Denied April 17, 1934.

Renegar & Madison, for plaintiff in error.

R. E. Wood and Leon Shipp, for defendant in error.

PER CURIAM.  This action was commenced in the district court of Oklahoma county, July 17, 1928, by the defendant in error herein, as plaintiff, against plaintiff in error, as defendant, praying for judgment in the sum of $1,901, and interest thereon at 6 per cent. per annum from November 17, 1917, upon the second cause of action set forth in his petition.  The first cause of action set forth therein was stricken during the trial, and matters connected therewith are not presented upon this appeal.  The substance of the second cause of action is that on November 17, 1917, the defendant bought a farm with plaintiff's money, for the plaintiff, located in Kiowa county, Okla., and afterwards, as plaintiff's agent, sold the same for the plaintiff for the sum of $5,500 in cash, and after paying off a mortgage thereon of $1,100, remitted to plaintiff only $2,499 of said sum, leaving a balance due the plaintiff of $1,901, together with interest thereon from the date of sale; and, further, that plaintiff did not discover that the defendant had retained said $1,901 until September 15, 1927, and had no means of determining such fact until he visited the state of Ok-

lahoma about that time and talked with the purchaser of the farm and then learned how much defendant received from the sale thereof.

For his answer to said second cause of action the defendant denies generally all the allegations of the plaintiff set forth therein, and further states that at the request of the plaintiff he did purchase such tract of land for him, paying approximately $2,500 therefor; that he cared for said farm and personally supervised the breaking out and cultivation thereof and improving and paying the taxes thereon; that he built some buildings on the farm, dug a well thereon, and cultivated and tended crops and did other manual labor in improving the property, but sets forth no claim for compensation therefor; and admits that in 1917 he sold it at plaintiff's request, and sent him the money he had previously invested therein with a good profit thereon; and further alleges that the plaintiff did know and was advised by him as to the amount received from said property and specifically denies that he withheld any information from the plaintiff, or in any manner deceived him as to the sale price.

For his reply to defendant's answer to the second count of plaintiff's petition, the plaintiff denies generally and specifically all allegations of new matter set forth therein. The cause was tried to a jury, which, under instructions given and after deliberation, returned its general verdict for the plaintiff and against the defendant for the sum of $1,901, and interest thereon at six per cent. per annum from the date of sale, which date was agreed to be November 24, 1917, and judgment was entered upon the verdict for the sum of $3,298.23, with interest from its date, February 24, 1930, at six per cent. per annum.

Thereafter the defendant filed his motion for a new trial on February 25, 1930, and afterwards on April 25, 1930, filed what the record denominates "Supplement and amendments to motion for new trial," which were heard by the court on April 30, 1930. and were in all things overruled; the defendant excepted; and gave notice of his intention to appeal to the Supreme Court; and on October 25, 1930, he duly filed in said court his petition in error with case-made attached, and the cause is now pending before said court for review.

Only three witnesses gave testimony in the case. The plaintiff in his own behalf gave testimony substantially supporting the allegations of his second cause of action, and the purchaser of the farm gave testimony on behalf of the plaintiff as to his purchase of the farm and how much he paid for it; and while said witness was upon the stand the defendant admitted in the record that said witness was the purchaser of the farm, and paid for it the sum alleged by the plaintiff, that is $5,500, and that said amount was paid to the defendant, and that there was no mortgage on the property at the time he got the farm.

The defendant testified in his own behalf, his evidence being in general a denial that he retained any money that belonged to the plaintiff, and supporting in general the allegations of his answer, and further that he had a special agreement with the plaintiff by which he was to sell the farm for what he could get for it, reimburse the plaintiff for what plaintiff had put into it, and keep the balance for himself. That he sent the plaintiff $2,499 out of the sale price.

The evidence disclosed that the parties to the action are brothers, the plaintiff being the younger; that the defendant during the times mentioned was a practicing physician.

The plaintiff in error presents four assignments upon which he predicates error in the proceedings of the court below; and in his brief in support thereof urges the following reasons why the cause should be reversed:

1. Improper rulings of the court. Under this assignment, complaint is made that the trial court made "certain inconsistent rulings" during the trial, and that such inconsistent rulings upon the same matters were damaging and prejudicial to the defendant; and further complains that the court permitted the plaintiff to ask leading questions and refused such to the defendant; and further complains that the court erred in overruling objections made by the defendant to questions and evidence on behalf of the plaintiff and erred in sustaining objections to certain questions and evidence offered by the defendant.

We have examined the record upon these matters with careful scrutiny. It is our opinion that the court did not err in his rulings upon the matter of leading questions. Such matters are properly within the sound discretion of the trial court, and it appears that no detriment resulted to the defendant from the court's rulings in this regard. As to inconsistent rulings, we have

likewise carefully examined the record. In that regard, it may be said that as the trial proceeded and admissions were made as to certain evidence, the situation changed and the inconsistencies are more apparent than real. We are unable to see how or where the defendant was injured by reason thereof, under the definite issues to which the case finally narrowed. When the court sustained objections to the questions of the defendant of which he complains, under the issues then to be determined we are of the opinion that no error was committed, for the matters sought to be shown were immaterial and irrelevant under the pleadings and the admitted facts. Under the issues, this was not a suit against the defendant upon an account, and his answer as to the action of the plaintiff proceeded upon no such grounds. We are of the opinion that the court below committed no error here.

2. In the second assignment of error discussed in his brief the defendant complains because the court gave to the jury a certain instruction set forth on pages 138 and 139 of the record as follows:

"If you find from the evidence that the defendant sold this property for $5,500 and concealed from his brother the fact that he had received that sum of money for it, and only accounted to him for a less sum, your verdict should be for the plaintiff," etc.

And suggests that the court should have added thereto the following:

"Unless you find that the plaintiff had authorized the defendant to sell the land and account to plaintiff for the amount of the investment the plaintiff had made."

We have carefully examined the instruction complained of, together with all the instructions given by the court. No instruction was requested by the defendant covering the suggested addition which the defendant asserts should have been made. The instructions fully and clearly cover the issues of the case and the theories of the parties as presented by their respective pleadings. It is not possible, and therefore not incumbent upon a court to present all the matters at issue, or all the theories of a party thereto in a single instruction. It is sufficient if they be sufficiently given by the instructions when taken as a whole. We find that the instructions given fairly and fully cover all the issues and the various theories of the respective parties, and present them clearly and adequately for the jury's guidance. There was no error committed by the court in failing to give this instruction in the amended form suggested by defendant in his brief, especially since no request along that line was made of the court at the trial. There is no merit in this assignment of error.

In his third assignment of error, defendant complains because the court refused to declare a mistrial of the case because of a certain improper remark made by the plaintiff's counsel concerning the defendant while arguing the case to the jury. Counsel referred harshly to the defendant's character, and although stating that he based his remarks on the record, he went beyond the point justified by the record. Upon objection made to the remark, the court promptly sustained the objection and directed the jury not to consider the statements. If it be conceded that the remark was a little strong, inasmuch as the record did not justify it, yet we are of the opinion that the prompt action of the court in admonishing the jury to disregard the statement was adequate under the record to cure and remove any prejudice which otherwise might have resulted, and there is nothing appearing which indicates that the jury failed to follow the court's admonition in this matter. The presumption is that it did so. We think that the record shows that the jury was not influenced by this remark. In Charley v. Norvell, 97 Okla. 114, 221 P. 255, the Supreme Court says:

"In no case * * * has reversal ever resulted where it is possible to determine from the whole record that the jury could not have been prejudicially influenced." citing with approval Aderhold v. Bishop, 94 Okla. 203, 221 P. 752.

And in General Pipe & Supply Co. v Brown, 144 Okla. 236, 291 P. 104, in the syllabus the court held:

"Where counsel for the prevailing party made an improper remark in his argument to the jury, whereupon the plaintiff objected and the court sustained the objection and directed the attorney to stay within the record, and instructed the jury not to consider the remark of the attorney but to be guided solely by the evidence and instructions of the court, and there was no repetition of the improper remark and no further request by plaintiff, held, that the record discloses no reversible error, as the remark shown in this opinion was not of sufficient gravity to require the court of its own motion to take further action."

But the trial court went further. What the court said was the following:

"The objection to those remarks by counsel is sustained, and the jury is instructed to disregard those remarks, and it is further instructed that the only purpose for which testimony was permitted to go to the jury relative to the prior conviction of the defendant for a violation of the criminal laws of the state of Oklahoma, was for what effect it might have upon the credibility of the defendant as a witness in the case."

We therefore conclude that there is no merit in the matters presented under this assignment of error.

4. Under appellant's fourth assignment of error, that "The court erred in overruling the motion for a new trial," several different matters are presented. Here it is complained that the plaintiff gave certain contradictory and inconsistent testimony in the case, and that certain portions thereof were contradicted by the witness who purchased the farm; and he calls attention to these to show the uncertain and unreliable character of plaintiff's testimony. We have examined and considered these matters, and giving the argument of the defendant full force and effect, yet it is our opinion that these were matters to be argued to the jury, since they go to the weight and value of the testimony and are not matters for consideration here. The case was by the court submitted to the jury under proper instructions as to the issues in the case and the rules by which the credibility of witnesses should be determined and the weight and value that should be given to their testimony. The jury having determined such matters upon competent evidence, the same is conclusive upon this court. It was the exclusive province of the jury to decide them, and having done so, their decision as to the credibility of the witnesses and the weight and value of their testimony is as final as the power so to do is exclusive. Their conclusion was approved also by the trial court when the motion for a new trial was denied. Such matters may not be argued here.

Under this assignment also it is urged that a new trial should have been granted by the court because of alleged "newly discovered evidence." We have carefully examined the affidavit of the defendant as to such evidence set forth in his "supplement and amendment to motion for new trial." It appears from such examination that such portion thereof as would have been admissible under the issues as finally made up in the case would have been merely cumulative to that presented at the trial; and that the major portions thereof would have been wholly inadmissible under the issues. As has already been said, this case was not one of accounting, but where the defendant had sold a farm for his brother, the plaintiff, and retained $1,901 of the amount received for his own benefit. It was not claimed that he did not retain said amount for his own, but it was his contention in his answer and his testimony that by a special contract and agreement he sold the place for his brother and was to have and retain for himself all above the $2,500 which he accounted for to him. That being the issue, practically all of such "newly discovered evidence" would have been inadmissible if offered. It would have been only cumulative. And a motion for a new trial based upon newly discovered evidence is addressed to the sound discretion of the trial court. In Burford v. Benton, 44 Okla. 283, 144 P. 349, it was held that it is the general rule that newly discovered evidence merely cumulative in its nature is not sufficient to require the granting of a new trial. And in the case of In re Klufa's Estate, 78 Okla. 13, 188 P. 329, this court has said:

"A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court; and where the record does not show an abuse of such discretion, the court's action on such motion will not be disturbed by this court."

We have been unable to find anything in the record indicating that the trial court abused its discretion in overruling the motion for a new trial upon this ground.

It is next contended by the defendant in his brief that the verdict and judgment are excessive in amount. An examination of his motion for a new trial shows that this ground was not contained therein and was not presented to the lower court. Therefore, under the well-known rules, it cannot be considered by this court. But as to this, the evidence presented at the trial upon the part of both the plaintiff and the defendant, and the admitted facts in the record agreed upon during the trial, amply sustain the finding of the jury as to the amount set forth in the verdict. There is no merit in this contention of the defendant.

Upon a complete and careful examination of the entire record, it is our finding and conclusion that the case was fairly and impartially tried by the court, and by it sub-

mitted under proper and complete instructions fairly and fully and adequately defining and presenting all the issues and theories of the parties to the action, as raised by the respective pleadings therein, and that no material errors were committed by the trial court in its rulings as to the admission or rejection of evidence, or in its instructions, or during the trial; and the verdict is amply sustained by the evidence, and that the judgment of the trial court should be affirmed.

The Supreme Court acknowledges the aid of District Judge Miller, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.