## CHAMPLIN REFINING CO. v. ALLEN et al.

No. 26557. Nov. 4, 1936.

Nathan Scarritt, E. S. Champlin, and Morris & Wilhite, for plaintiff in error.

McFayden & McFayden, for defendants in error.

PER CURIAM. This is an appeal from a judgment of the district court of Caddo county in favor of defendants and against the plaintiff. The parties will be referred to as they appeared in the trial court.

The Champlin Refining Company, a corporation, as plaintiff, filed its petition in the district court of Caddo county against the defendants, Oliver C. Allen and United States Fidelity & Guaranty Company, a corporation, alleging that plaintiff had appointed Oliver C. Allen as its agent at Anadarko, Okla., for the purpose of selling and distributing its refined oil, gasoline, and petroleum products for a commission as set out in a contract sued upon; that defendant Allen was to be allowed a commission on the cash sales only, and any sale of merchandise on a credit would be at the risk of the agent; that on May 24, 1930, plaintiff and said Allen made a new contract effective as of July 2, 1929; that on May 31, 1929, the plaintiff and said agent had come to a complete agreement and understanding through an audit, which covered the period from April 22, 1929, to May 31, 1929, and at that time the said agent paid the plaintiff the sum of $12.19 in complete settlement of the mutual accounts at that time between the said agent and the plaintiff; that on or about September 1, 1930, the defendant United States Fidelity & Guaranty Company made a fidelity bond to the plaintiff covering the said agent in his conduct of said agency; that on May 1, 1931, the agency between plaintiff and the said Allen was terminated and at that time the said Allen was due and owing the plaintiff the sum of $872.07 with 6 per cent. interest per annum from May 1, 1931; that plaintiff on May 12, 1931, duly notified the said surety company of said shortage and on September 1, 1931, submitted proof of loss to said surety company in the sum of $468.95, said amount being made up of a shortage on cash sales reported by said Allen; that plaintiff claimed from said surety company the sum of $415.22, together with 6 per cent. interest per annum from May 1, 1931, and set out in the proof of loss; that the surety company was an insurer of said Allen as plaintiff's agent and was bound to pay to plaintiff any pecuniary loss sustained in money or merchandise occasioned by the said agent's acts of fraud, dishonesty, forgery, larceny, theft, embezzlement, or wrongful misapplication of funds in performance of his duties as said agent; that said surety company was justly bound to pay to plaintiff because of the wrongful and willful acts of said Allen, employee and agent of plaintiff, which occurred while said bond was in force, the sum of $415.22; and plaintiff prayed for judgment against Allen and the surety company for $872.07.

Defendants filed answer admitting surety company made said bond; that Allen was an employee and agent of plaintiff as claimed by plaintiff; but denied that defendants owed plaintiff the sum of $872.07, or any other sum, or that shortly before May 31,

1929, plaintiff and defendant Allen had an agreement concerning all accounts, shortages, sums of money, and all matters pertaining to said agency under the contract of March 2, 1929, but stated said audit showed the stock on hand from April 22, 1929, to May 31, 1929, was not intended by the said parties to be a settlement, but only as an invoice of stock on hand during said time. For cross-petition Allen charged that he became an agent for plaintiff in August, 1925, and served until May 1, 1931; that he made weekly reports to plaintiff from August 25, 1925, to May 1, 1931; that in order to measure the gasoline in the tanks and make weekly reports the plaintiff fraudulently and with intent to defraud the said Allen furnished the said Allen a gauge or measure; that said gauge or measure was defective, imperfect, or inaccurate, causing Allen to report a shortage in gasoline for all of said period and causing the defendant Allen to pay plaintiff for a shortage which did not exist over said period, the sum of $97.35; that plaintiff was due and owing to said Allen further the sum of $1,099.79 because of a statement of items which the plaintiff had refused to pay; said statement covered several items set out in the account attached to said cross-petition.

The plaintiff's evidence showed generally that Allen owed the plaintiff $872.07, and of that amount $415.22 was the shortage in cash report, that Allen's cash shortage for goods sold was $415.22; that $276.65 was Claude Allen Champlin station account; that there was a balance due on Charley Hertzlin account of $200.32, and $2 for two 50-gallon iron drums, that certain credits had been given Allen, such as $56 for underground fittings left installed at the service station, and $159 for telephone bill. That $60.52 had been charged to Allen because of Henry Ruziska account. That plaintiff filed proof of loss with surety company for $468.95, but the plaintiff claimed only $415.22 because of some deduction after proof of loss was made out.

The auditors who testified for plaintiff were somewhat mixed in the figures and dates, the confusion arising probably because the audits were made at different times. However, the above generally represents the claims of the plaintiff.

The defendant Allen testified that when the agency terminated the last statement from plaintiff showed him owing plaintiff a personal account of $497.71, $276.65 and this report $415.22, without explaining the items further; that he had two accounts in the office, one known as Claude Allen account and one known as Champlin station account; that when he went out of office the plaintiff agreed to take over his underground fittings at the Champlin station, and it did take them, which were of the reasonable value of $159; that plaintiff gave him credit for only $56.12 for said fittings; that plaintiff agreed to give him credit for rent for the gasoline station for one month of $21; that plaintiff owed him a cash commission of $276.78; that plaintiff authorized him to sell for account of plaintiff the Northcross account of merchandise, and the account being partly unpaid, plaintiff was now trying to charge that account back to him; that he had collected $332 of that account; that there was some shortage in gasoline for which he should have credit; that Hertzlin only owed a balance of $10.43.

Charles Hertzlin testified for defendant that after Allen went out of business he went to Enid to straighten his account and plaintiff refunded him $58.05, as he had overpaid his account through Claude Allen.

Allen further testified that his total claims against plaintiff reached $804.53, covering the various items detailed in the record.

Through Allen's cross-petition and the evidence, the case took on the nature of an accounting suit. The evidence of both sides was mixed, conflicting, and not very clear. The court gave a general instruction and then submitted several special interrogatories to the jury. The jury answered the interrogatories finding that on May 1, 1931, Allen owed plaintiff $415.22, leaving out consideration of commission claimed for April or March, 1931, and prior thereto, any credit for equipment, or filling station rent of $17.89; that Allen was due on March 1, 1931, commissions in sum of $143.55 for which he had received no credit; that Allen was due for March, 1931, sales commission, $161.62; that Allen was due sales commission for April, 1931, sum of $133.49, without any regard to credit having been given for $106.12 and $42.11; that when the agency terminated there was an agreement between Allen and plaintiff that plaintiff would purchase certain equipment, but the price was not agreed upon; that at the time the agency terminated there was no agreement between Allen and plaintiff that plaintiff would purchase certain equipment and allow Allen a credit for $56; that the value of said equipment at termination of agency was $159; and that plaintiff agreed to pay Allen $17.89, or rent for one month. From the answers to the interrogatories the court found and rendered judgment that Allen recover $26.08 from plaintiff. The plaintiff appealed to this court.

The plaintiff does not cite any authorities in its brief, but argues the findings of the jury and the issues of fact. This lends support to the suggestion that the contention is one of fact and not of law. The issues of fact were decided by the jury. There is evidence to support the findings of the jury.

1. Error is assigned that the verdict of the jury and its findings are not sustained by sufficient evidence and are contrary to law.

The defendant Allen disputed the claims of the plaintiff and set up counter demands of his own against the plaintiff. There was also other evidence. This court holds that where there is any competent evidence to sustain the verdict of the jury, the same will not be disturbed. Midland Valley Ry. Co. v. Goble, 77 Okla. 206, 186 P. 723; Brownlee v. Commissioners, 148 Okla. 280, 298 P. 598; Key v. Hill, 93 Okla. 64, 219 P. 308.

2. Error is assigned because the verdict, report, and finding of the jury is contrary to and in disregard of the court's instructions, and the evidence.

The trial court approved the verdict and finding of the jury, and he entered judgment thereon. If the court had not approved the verdict and finding of the jury, he would have set them aside.

The rule is well established in this state that where a case is tried to a jury, they are the triers of the facts, and where there is conflicting evidence, it is not the province of the appellate court to weigh the evidence, Key v. Hill, supra; Craig & Wall v. Plummer, 91 Okla. 193, 217 P. 172; Huffman v. Huffman, 168 Okla. 39, 31 P. (2d) 576; Nichlos v. Hanbury-Russell Supply Co., 168 Okla. 371, 33 P. (2d) 198.

Plaintiff urges that the trial court committed error in overruling plaintiff's demurrer to defendant's evidence, overruling plaintiff's motion for a directed verdict, and overruling plaintiff's motion for new trial. We have given this contention full and careful consideration, and are of the opinion that none of such matters are of a character prejudicial to the substantial rights of the plaintiff. The instructions of the court fairly and adequately presented to the jury the various issues relied upon by the parties to the action as shown by the evidence. The verdict of the jury embodies the results of its deliberations upon the evidence presented for its consideration, and is supported by the testimony. Under the well-established rule in such cases, the verdict is final and conclusive, and this court has neither the power nor the disposition to disturb its findings.

After a careful consideration of the record, the briefs and the authorities, we come to the conclusion that the judgment of the trial court should be, and it is, affirmed.

The Supreme Court acknowledges the aid of Attorneys William B. Moore, Malcolm E. Rosser, and Harry G. Davis in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Moore and approved by Mr. Rosser and Mr. Davis, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.